RYDER, Judge.
Appellant raises four points on appeal. We find merit in two. First, appellant contends that the trial court improperly sentenced appellant as an habitual offender. We agree. The court’s reference to appellant’s prior convictions did not in and of itself show that the public was at risk absent an extended sentence. “Refer *1156 ence to appellant’s ‘continuing criminal activity’ is inadequate without additional analysis or findings of fact in support thereof.” Sims v. State, 487 So.2d 37 (Fla. 2d DCA 1986).
Second, appellant contends the trial court erred in using habitual offender status as a reason for departure from the sentencing guidelines recommended sentence. We agree.
Subsequent to the sentencing herein, the Florida Supreme Court decided Whitehead v. State, 498 So.2d 863 (Fla.1986). In Whitehead, the Florida Supreme Court held that habitual offender status is not a legitimate reason to depart from the sentencing guidelines recommended sentence.
Consequently, we reverse the sentence herein and remand for resentencing within the sentencing guidelines presumptive sentence.
Affirmed in part; reversed in part and remanded for resentencing.
SCHEB, A.C.J., and THREADGILL, J., concur.