515 So.2d 748 (1987)
John Garland SHULL, Petitioner,
v.
Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.
No. 71162.
Supreme Court of Florida.
November 25, 1987.
*749 John Garland Shull, in pro. per.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
Petitioner seeks a writ of habeas corpus, alleging that he is entitled to be released from continued detention because his sentence has been served. We grant the writ and remand to the circuit court for proceedings consistent with this opinion.
On December 31, 1984, petitioner was sentenced to ten years for grand theft. This sentence constituted a departure from the recommended guidelines sentence based upon the habitual offender statute. The First District Court of Appeal reversed petitioner's sentence and remanded for resentencing. Shull v. State, 512 So.2d 1021 (Fla. 1st DCA 1987). The state then moved to stay the district court's mandate and persuaded the court to certify the following question as one of great public importance:
IS APPELLANT PERMITTED TO ATTACK COLLATERALLY THE LEGALITY OF HIS GUIDELINES DEPARTURE SENTENCE BY RULE 3.850 MOTION FOR POST-CONVICTION RELIEF ON THE BASIS THAT THE SOLE REASON FOR DEPARTURE, HIS STATUS AS A HABITUAL OFFENDER, ALTHOUGH VALID UNDER A LOWER APPELLATE COURT DECISION AT THE TIME IMPOSED, IS INVALID UNDER A SUBSEQUENTLY ISSUED SUPREME COURT DECISION ENUNCIATING A DIFFERENT CONSTRUCTION OF THE SENTENCING STATUTES AND SENTENCING GUIDELINES RULE?
Id. at 1022. In response to the present petition for habeas corpus, however, the state advises that it will not pursue the certified question and concedes that petitioner is entitled to resentencing.
The state does suggest, however, that petitioner "is not entitled to release prior to resentencing since the trial court may be able to justify a departure from the sentencing guidelines." (Emphasis added). We decline to accept the state's position on this point.
Generally, when all of the reasons stated by the trial court in support of departure are found invalid, resentencing following remand must be within the presumptive guidelines sentence. Williams v. State, 492 So.2d 1308 (Fla. 1986); Foister v. State, 510 So.2d 371 (Fla. 1st DCA 1987); Royal v. State, 508 So.2d 1313 (Fla. 2d DCA 1987); Carter v. State; 485 So.2d 1292 (Fla. 4th DCA), rev. denied, 494 So.2d 1149 (Fla. 1986).
Some of our district courts, however, have distinguished the situation where the only reason given for departure was valid at the time under the appellate decisions which had considered it but was later invalidated by this Court. Under these peculiar circumstances, some courts have held that the trial court on remand may again depart from the guidelines if the new reasons given existed at the time of the original sentencing and are valid reasons for departure. E.g., Brumley v. State, 512 So.2d 220 *750 (Fla. 1st DCA 1987); Brewer v. State, 502 So.2d 1367 (Fla. 2d DCA 1987); Morganti v. State, 510 So.2d 1182 (Fla. 4th DCA 1987); Central Bell v. State, 500 So.2d 217 (Fla. 1st DCA 1986). But see Albury v. State, 503 So.2d 460 (Fla. 3d DCA 1987); Wade v. State, 513 So.2d 1358 (Fla. 2d DCA 1987); Davis v. State, 514 So.2d 1155 (Fla. 2d DCA 1987).
We see no reason for making an exception to the general rule requiring resentencing within the guidelines merely because the illegal departure was based upon only one invalid reason rather than several. We believe the better policy requires the trial court to articulate all of the reasons for departure in the original order. To hold otherwise may needlessly subject the defendant to unwarranted efforts to justify the original sentence and also might lead to absurd results. One can envision numerous resentencings as, one by one, reasons are rejected in multiple appeals. Thus, we hold that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.
We agree that a fact finder should verify petitioner's claim that he already has served the guidelines sentence which should have been imposed pursuant to the mandate of the district court of appeal. Thus, we grant the writ and remand this matter to the chief judge of the Fourteenth Judicial Circuit with directions that a hearing be held within thirty days for the imposition of the appropriate guidelines sentence and a determination on petitioner's claim that he has already served such a sentence.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.