PER CURIAM.
This is the second time this case has been before this court on appeal from a departure sentence. See Taylor v. State, 502 So.2d 24 (Fla. 5th DCA 1986). Again there is no written statement from the trial court delineating the reasons for departure. It is reversible error to impose a departure sentence under the sentencing guidelines without an accompanying written statement delineating reasons for departure. Fla.R.Crim.P. 3.701(d)ll.; State v. Jackson, 478 So.2d 1054 (Fla.1985). The defendant must now be resentenced within the recommended guidelines range because the original reason for departure, the defendant’s habitual offender status, was invalid. Shull v. Dugger, 515 So.2d 748 (Fla.1987). Accordingly, we vacate the defendant’s sentence and remand this case for imposition of a sentence within the recommended guidelines range.
SENTENCE VACATED; CAUSE REMANDED.
SHARP, C.J., and ORFINGER and COWART, JJ., concur.