520 So.2d 688 (1988)
Christopher HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-891.
District Court of Appeal of Florida, Third District.
March 1, 1988.
Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
SCHWARTZ, Chief Judge.
In 1986, Harris was sentenced in excess of the guidelines. The sole reason assigned for departure was that he had been adjudicated a habitual offender. Subsequently, Whitehead v. State, 498 So.2d 863 (Fla. 1986), determined that this was an insufficient ground. Accordingly, in Harris v. State, 499 So.2d 48, 49 (Fla.3d DCA 1986), we reversed
the enhancement beyond the sentencing guidelines pursuant to the Supreme Court's recent ruling in Whitehead v. State, 498 So.2d 863 (Fla. 1986), and return[ed] the matter to the trial court for resentencing.
On remand, the trial court again deviated upward from the guidelines, assigning three grounds[1] to justify that action. Harris *689 has again appealed and we again reverse, this time on the authority of Shull v. Dugger, 515 So.2d 748 (Fla. 1987).[2]

Shull holds clearly that
a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.
515 So.2d at 750. Since the only ground assigned for the first departure was the legally insufficient one concerning Harris's status as a habitual offender, Shull mandates the conclusion that no subsequent departure based on any other ground may be allowed to stand. The state argues that Shull should not have that effect in this case because reasons stated in the resentencing order were referred to, though not specifically adopted, in the first order. It is true that the initial order referred to Harris's being found a habitual offender in another accompanying order which so adjudicated him and that two of the reasons[3] upon which the resentencing was based were contained in that separate, "habitual offender" order. Nevertheless, we cannot read Shull's repeated references to "the reasons for departure in the original order" to mean anything but the grounds actually assigned for the first departure. The habitual offender order quite obviously does not qualify. We do not think, as the state suggests, that it elevates form over substance to adhere to the strict admonition of the supreme court that new grounds for departure may not be seized upon after the ones first articulated are found insufficient.
Accordingly, we reverse the sentence under review and remand for resentencing within the guidelines.
NOTES
[1] Harris does not challenge the sufficiency of these grounds as an original matter to support the departure.
[2] As in the case of Whitehead with respect to the first sentencing, Shull was decided after the second sentencing we now review.
[3] We note that at least one of the grounds was not contained even in the habitual offender order so that, in the absence of a finding which we need not make, that the departure would have occurred anyway, even an acceptance of the state's position would result in no more than still another sentencing. See Mesa v. State, 520 So.2d 328 (Fla.3d DCA 1988).