PER CURIAM.
The trial court originally departed from the sentencing guidelines based solely upon *877 a finding that appellant was a habitual offender. While the appeal was pending, the defendant moved this court to relinquish jurisdiction because of the supreme court’s decision in Whitehead v. State, 498 So.2d 863 (Fla.1986), holding that a departure sentence may not be based upon habitual offender status. The motion was not opposed and was granted.
The trial court withdrew its original reason for departure, but again departed based upon the emotional trauma to the victim. We reverse and remand with directions that appellant be sentenced within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987); Brumley v. State, 520 So.2d 275 (Fla.1988), and Harris v. State, 520 So.2d 688 (Fla. 3d DCA 1988).
REVERSED and REMANDED.
ANSTEAD, DELL and STONE, JJ., concur.