PARKER, Judge.
Self appeals his conviction and sentence for grand theft, alleging the trial court erred: (1) in granting the state’s requested flight instruction; and (2) sentencing Self in excess of the recommended guidelines sentence. We affirm the conviction but remand for resentencing.
The jury received the following flight instruction:
If you believe beyond a reasonable doubt that the defendant fled or sought to flee when he saw the officers, you must consider that as a circumstance pointing to guilt. (Emphasis supplied).
The instruction should have stated “may” instead of “must.” See Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920). However, we find the state has met its burden of proving beyond a reasonable doubt that the error of the trial court did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As to Self’s second issue, the state concedes the trial court committed error in *527 sentencing Self pursuant to the habitual offender statute in excess of the presumptive guidelines sentence. Whitehead v. State, 498 So.2d 863 (Fla.1986).
We, therefore, affirm the conviction, but reverse and remand to sentence Self within the recommended range under sentencing guidelines. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Affimed in part. Reversed and remanded for resentencing.
DANAHY, A.C.J., and SCHOONOVER, J., concur.