531 So.2d 211 (1988)
Michael S. REID, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1240.
District Court of Appeal of Florida, First District.
September 13, 1988.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentences for possession of a short-barreled shotgun and carrying a concealed firearm pursuant to Sections 790.221 and 790.01, Florida Statutes. Appellant argues that he should not have been convicted of both firearm charges and that the trial court erred in imposing community control as a condition of probation consecutive to the prison term.
An information charged appellant and two confederates, Bradshaw and Pennington, with conspiracy to commit robbery, possession of a short-barreled shotgun, and carrying a concealed weapon.
The facts presented to the jury showed that on February 19, 1987, a convenience store clerk saw a man wearing a ski mask run across the store's breezeway. After the clerk called the police, another witness saw appellant and Pennington using the public telephones outside the store. The two men drove off at a high rate of speed in a 1978 Camaro Z-28. That same evening, the bartender at the lounge next to the store reported an attempted robbery outside the back door of the bar.
A deputy sheriff went to the lounge and store to investigate. He broadcast for other law enforcement personnel to be on the lookout for the 1978 Camaro. Another deputy spotted the car and followed it until *212 it stopped. Appellant and Pennington exited the car on the driver's side and were ordered to hit the ground. Bradshaw climbed out the passenger window. Other law enforcement personnel arrived at the scene and observed a .410 shotgun with a short barrel partially hidden under the back seat.
Bradshaw testified for the State that he and the codefendants planned to rob a man in the parking lot behind the lounge. Bradshaw claims that after the plan fell through, he ran in front of the store and across the road with the gun. When appellant and Pennington stopped in the Camaro to pick up Bradshaw, Bradshaw threw the gun into the car and climbed in the passenger window. As regards the particular crimes for which he was convicted, appellant testified, admitting that the gun was in his car and that he pushed it under the seat when he realized the patrol car was behind him.
The jury found appellant guilty of the two firearm charges but not guilty of conspiracy to commit robbery. The trial court sentenced appellant to two and one-half years' imprisonment for carrying a concealed firearm. For possession of a short-barreled shotgun, appellant received a sentence of five years' probation, with the first two years thereof on community control as a probation condition.
Appellant argues that he should not have been convicted of possessing and of concealing a short-barreled shotgun. Carawan v. State, 515 So.2d 161, 170 (Fla. 1987). However, the record shows that appellant knowingly possessed the gun from the time that Bradshaw climbed into the car. Thereafter, as a separate act, appellant deliberately concealed the gun under the back seat when he became aware that the car behind him was that of a deputy sheriff.
We, therefore, affirm appellant's convictions. However, the trial court erred in imposing community control as a probation condition consecutive to the prison term. Appellant's recommended guideline sentence was community control or twelve to thirty months' incarceration in a state prison. The trial court imposed the maximum prison term for carrying a concealed firearm and community control as a probation condition for possessing a sawed-off shotgun. Under State v. Van Kooten, 522 So.2d 830 (Fla. 1988), when the presumptive guideline sentence directs community control or incarceration, the imposition of both represents a departure requiring proper written reasons.[1] The case is remanded for the trial court to vacate the imposition of community control as a condition of probation. The trial court did not give any reasons for departure initially. Thus, it may not do so on remand. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
AFFIRMED IN PART, REVERSED IN PART.
ERVIN, BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] Compare Sanders v. State, 516 So.2d 38 (Fla. 1st DCA 1987).