BARKDULL, Judge.
The appellant appeals his conviction for kidnapping and assault. He urges error as follows: 1) the admission of collateral crime evidence; 2) the admission of hearsay evidence; 3) the admission of expert testimony on rebuttal as to the battered wife syndrome; 4) the sufficiency of evidence to sustain the conviction; and 5) an impermissible departure upwards of the sentencing guidelines.
We find no error in any of the points urged for reversal except as to the enhancement of the sentence. The record in this cause reveals the following: in August, 1987, the defendant herein, allegedly kidnapped the victim herein (who was the mother of the defendant’s child) and physically abused her. Charges were filed against the defendant. On February 1, 1988, while the defendant was out on bond for the August, 1987 incident, and while he was awaiting trial, the following occurred. The victim and her sister were going to catch a bus to work when the victim observed the defendant in the area. Because he had been harassing her for a period of time, the defendant went to the State Attorney’s office to report the incident and to seek assistance. Thereupon she went to work. Upon finishing her work for the day she was met by a detective who, after inspecting the area and upon failure to locate the defendant, told the victim to catch the bus and go home. The victim and her sister complied. Upon departing the bus at NE 2nd Avenue and 62nd Street in Dade County, which was near their home, the victim and her sister observed the defendant pull up in a car. He got out, ran after the victim and her sister, and upon catching them he forced the victim into the automobile. At the time he allegedly was in possession of a gun. He then took her to a motel in Broward County. The next several days were spent in various motels in Broward and Dade County. Ultimately, the victim was able to contact her sister and she was returned to her family. The *306 defendant was arrested and charged by-information with kidnapping, aggravated assault, and unlawful possession of a firearm while engaged in a criminal offense. He was found guilty of the kidnapping, and of simple assault. The sentencing guidelines score sheet provided for a sentence of from 1 to 9 years, however the trial departed from the guidelines and sentenced the defendant to 12 years. The basis for departure was that the defendant had jumped bond and that while he was a fugitive he committed the same crime against the victim.
At the time of sentencing, the trial judge used an incorrect reasoning for enhancement. He thereafter, at the motion for new trial hearing, enhanced the sentence for one or more valid reasons. We believe under the controlling authority, the original enhancement being illegal, it was error on a subsequent occasion to enhance for a valid reason. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded with directions to enter a sentence in accordance with the guidelines.