NIMMONS, Judge,
concurring in part and dissenting in part,
I believe the trial court should not be precluded, on resentencing, from departing from the guidelines sentence if the court gives valid written reasons therefor.
In my view, this court in Reid v. State, 531 So.2d 211 (Fla. 1st DCA 1988), construed too broadly the Supreme Court’s holding in Shull v. Dugger, 515 So.2d 748 (Fla.1987). In Reid, this court said:
The trial court did not give any reasons for departure initially. Thus, it may not do so on remand. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
531 So.2d at 212.
Reliance upon Shull by the Reid panel was misplaced, however. In Shull, the holding requiring resentencing within the guidelines range was a narrow one as is apparent from the Shull opinion:
Thus, we hold that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.
515 So.2d at 750.
This is confirmed by the recent case of Stewart v. State, 549 So.2d 171, 177 (Fla. 1989) wherein the Supreme Court held:
Where, as here, the trial court fails to give written reasons for departure, the case must be remanded so that written reasons may be provided.
*1251 See also Pope v. State, 542 So.2d 423 (Fla.5th DCA 1989), rev. granted Sept. 29, 1989. I acknowledge that there is a factual distinction between Stewart and the instant case in that in Stewart, the trial court had given departure reasons orally but failed to reduce them to writing, whereas in the instant case the trial court gave no reasons, either oral or written. Nevertheless, I view that as a distinction without a difference. There can be a variety of reasons why the trial court may have departed without articulating reasons therefor. See e.g., Roberts v. State, 547 So.2d 129 (Fla. 1989) (oversight as result of erroneously calculated scoresheet).
Particularly in view of the Florida Supreme Court’s recent expression in Stewart, supra, I believe that we should allow the trial court, on resentencing, to depart from the guidelines even if there is no apparent reason in the record as to why the trial court failed to articulate reasons for departure in the first sentence.