PER CURIAM.
This cause is before us on appeal from judgment and departure sentences following a jury trial for robbery with a firearm and kidnapping with a firearm. Appellant has raised two issues for our consideration, one of which requires discussion.
The trial court entered a departure sentence and found that:
[A] minor, 16 years of age, was involved with the defendant in the crimes for which he was convicted. On the facts presented at the trial and at sentencing, the Court further finds that the defendant exercised enough control and authority over the minor that the minor would not have been involved in the crimes except for the actions of the defendant.
This written reason is insufficient to support a departure sentence. Hallman v. State, 560 So.2d 223 (Fla.1990). Therefore, we must reverse appellant’s sentence. The *437 Florida Supreme Court has held that when all written reasons for departure are invalid, the trial court, on remand, must resen-tence appellant within the guidelines. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Accordingly, we affirm the judgment, reverse the sentence, and remand for resen-tencing within the guidelines.
BOOTH, ZEHMER and WOLF, JJ., concur.