PER CURIAM.
Appellant seeks review of his judgment and sentence on burglary and criminal mischief charges. We affirm the first two issues, but reverse as to the sentencing issue raised and remand for resentencing pursuant to Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), rehearing denied (Fla. 1st DCA Feb. 13, 1992) and Hodges v. State, 596 So.2d 481 (Fla. 1st DCA 1992). As in Anderson and Hodges, we certify the following question as one of great public importance:
DOES THE HOLDING IN EUTSEY V. STATE, 383 SO.2D 219 (FLA.1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE “AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT],” EUTSEY AT 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PRO *327 VIDED BY THE STATE HAVE BEEN PARDONED OR SET ASIDE?
JOANOS, C.J., and ALLEN and WEBSTER, JJ., concur.