FARMER, Judge,
specially concurring.
If I were writing on a clean slate, and I recognize that I am not, I would instruct the trial court on remand that appellant’s sentence must be limited to one within the guidelines and in no event greater than the one provided by law for his conviction. I thus disagree with our decision in King v. State, 580 So.2d 169 (Fla. 4th DCA 1991) (en banc), in which we held that, after an invalid attempt to impose a habitual offender sentence, the trial court is free to reimpose the same habitual offender sentence so long as it complies with the statutory requirements for express findings as to two previous qualifying offenses, one of which was final within the preceding 5 years, and which were not pardoned or set aside later.
To reach the result in King, we had to recede from our decision in Pollard v. State, 561 So.2d 29 (Fla. 4th DCA 1990). Pollard was based on Shull v. Dugger, 515 So.2d 748 (Fla.1987), where the court held that, after a habitual offender sentence had been reversed because it was based on invalid reasons, the resentencing is limited to the guidelines. More recently, in Pope v. State, 561 So.2d 554 (Fla.1990), the court held that resentencing after a defective guidelines departure is also limited to a sentence within the guidelines.
In Shull, the court explained:
We believe the better policy requires the trial court to articulate all of the reasons for departure in the original order. To hold otherwise may needlessly subject the defendant to unwarranted efforts to justify the original sentence and also might lead to absurd results. One can envision numerous resentencings as, one by one, reasons are rejected in multiple appeals. Thus, we hold that a trial court may not enunciate new reasons for a departure sentence after the reasons for the original departure sentence have been reversed by an appellate court.
515 So.2d at 750. This reasoning is no less applicable to a departure through habitual offender treatment. Although the universe of factual reasons for habitual offender departure is smaller than for simple guidelines departure, it is not the pure number of available reasons for departure that governs, so much as it is the rejection of seriatim appeals from defective sentences until the state finally gets it right.
Our King decision, like Bryant, is based on the premise that habitual offender departure sentences are qualitatively different from guidelines departure sentences, at least for purposes of resentencing after a defective attempt to impose a departure sentence. Even if that conclusion were possible as a matter of first impression, and I don’t believe it is, surely it is impossible on grounds of stare decisis after Shull. It was precisely a failed habitual offender sentence that was reversed on appeal in Shull.
Because King was an en banc decision, reconsideration of the same issue en banc is pointless. I am bound to follow it, so I concur with the majority, both as to that issue and the affirmance of the conviction. I write this opinion only to suggest the need for supreme court review to correct our en banc error.