613 So.2d 460 (1993)
STATE of Florida, Petitioner,
v.
Kenneth RUCKER, Respondent.
No. 79932.
Supreme Court of Florida.
February 4, 1993.
*461 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Crim. Appeals, Asst. Atty. Gen., and Sara D. Baggett and Gypsy Bailey, Asst. Attys. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, Tallahassee, for respondent.
SHAW, Justice.
We have for review Rucker v. State, 598 So.2d 326 (Fla. 1st DCA 1992), wherein the district court certified:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980), that the State has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the State have been pardoned or set aside?
Rucker, 598 So.2d at 326-27. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and quash the decision of the district court.
Kenneth Rucker was convicted of one count each of burglary of a conveyance and criminal mischief. Pursuant to section 775.084, Florida Statutes (1989), the State sought sentencing as an habitual felony offender and introduced certified copies of Rucker's prior felony convictions, which Rucker conceded.[1] After "considering the totality of the evidence," the court found by a preponderance of the evidence that Rucker qualified as a habitual felony offender. At sentencing, however, the court failed to make specific findings that the prior convictions had not been pardoned or set aside, and the district court reversed because of this.
Rucker argues that the plain language of the statute and our decision in Walker v. State, 462 So.2d 452 (Fla. 1985), require the trial court to expressly find that the prior convictions have not been pardoned or set aside. He further urges that our decision in Eutsey v. State, 383 So.2d 219 (Fla. 1980), did not change this requirement because the trial court in that case made the appropriate findings.
The legislature enacted the habitual offender act "to allow enhanced penalties for those defendants who meet objective guidelines indicating recidivism." Eutsey, 383 So.2d at 223. Section 775.084 sets out the definition for habitual offenders:
775.084 Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties. 
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, *462 on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and

4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.

... .
(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender... . The procedure shall be as follows:
... .
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
§ 775.084, Fla. Stat. (1989) (emphasis added). Under the plain language of this statute, a court must find by a preponderance of the evidence that the defendant has been convicted of two or more felonies within the requisite time period and that these convictions have not been pardoned or set aside.
In Eutsey v. State, 383 So.2d 219 (Fla. 1980), we ruled that the burden is on the defendant to assert a pardon or set aside as an affirmative defense. Although this ruling does not relieve a court of its obligation to make the findings required by section 775.084, we conclude that where the State has introduced unrebutted evidence  such as certified copies  of the defendant's prior convictions, a court may infer that there has been no pardon or set aside. In such a case, a court's failure to make these ministerial findings is subject to harmless error analysis.[2]
This ruling is not inconsistent with Walker, wherein we stated that findings under section 775.084 are a "mandatory statutory duty":
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible.
462 So.2d at 454. The finding in issue in Walker concerned an earlier version of the habitual offender statute, which had provided:
[775.084] (3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender... .
§ 775.084(3), Fla. Stat. (1981). Because of the subjective nature of this "public protection" requirement, any failure to make an express finding would have frustrated meaningful appellate review. Unlike the "public protection" finding, however, which has since been deleted from the statute, the requirement in issue here  that the prior convictions have not been pardoned or set aside  is a ministerial determination involving no subjective analysis.
In the present case, the State introduced certified copies of Rucker's prior convictions, both of which occurred within the requisite period of time. Rucker conceded the validity of the convictions and the trial court expressly found that Rucker met the definition of habitual felony offender by a preponderance of the evidence. Because this evidence was unrebutted and Rucker does not now assert that his prior convictions were pardoned or set aside, any failure to make more specific findings was harmless. Were we to remand for resentencing, the result would be mere legal churning.
*463 We quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Rucker's counsel stated, "I cannot quarrel with the State's representations as to the burglary of a dwelling while occupied and the resisting with violence. These are judgments and sentences."
[2] Because the statutory language concerning habitual violent felony offenders is nearly identical to that of habitual felony offenders, the above analysis applies equally to habitual violent felony offenders. See § 775.084, Fla. Stat. (1989).