PER CURIAM.
Appellant was duly adjudicated guilty after a jury found her guilty of burglary of an unoccupied dwelling. Following a PSI report at the sentencing hearing, the trial court received in evidence, without objection, certified copies of prior convictions within the past five years. Appellant was sentenced to fifteen years as a habitual offender. This appeal followed.
Two points are presented as alleged error. First, that there was no finding of fact in the sentencing order as to the prior convictions as required by section 775.-084(l)(a)(3) & (4), Florida Statutes (1989), and, second, that the habitual offender statute violates the principal of double jeopardy. As to the latter, we find no merit. See Sloan v. State, 593 So.2d 628 (Fla. 3d DCA1992). As to the former, the appellant concedes in her brief that the trial court made the required findings as per section 775.047(l)(a)(l) & (2), Florida Statutes, (1989), and indeed, this finding is spread across the pages of the record in accordance with this court’s holding in Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA1992). As the appellant contends, however, the trial court did not make a specific finding that the prior convictions had not been pardoned or set aside. In accordance with the holding in State v. Rucker, 613 So.2d 460 (Fla.1993), we hereby affirm on the basis that failure to make the required findings that the convictions had not been pardoned or set aside constitutes harmless error in the instant case.
In this case, the state introduced certified copies of Eleby's prior convictions which occurred within the requisite period of time. When asked if there was any objections thereto, Eleby stood mute. The trial court expressly found Eleby met the definition of a habitual offender by the preponderance of the evidence. This evidence was unrebutted and Eleby does not now assert that her prior convictions were pardoned or set aside, and any failure to make more specific findings was harmless. See State v. Rucker, supra.
Therefore, for the reasons above stated, the sentence under review is hereby affirmed.
Affirmed.