616 So.2d 955 (1993)
Bobby MURRAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 80201.
Supreme Court of Florida.
March 11, 1993.
Rehearing Denied May 7, 1993.
Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for respondent.
SHAW, Justice.
We have for review Murray v. State, 602 So.2d 583 (Fla. 4th DCA 1992), based on conflict with State v. Rucker, 613 So.2d 460 (Fla. 1993). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court decision in Murray.
When Murray was sentenced under section 775.084, Florida Statutes (1989), as an habitual felony offender, the trial court failed to make specific findings that the predicate convictions had not been pardoned or set aside. The district court reversed *956 and remanded, giving the court an opportunity to make the findings. In Rucker, we held that remanding may be unnecessary since appellate courts are authorized to apply harmless error analysis to this particular sentencing error. Accordingly, we quash the decision of the district court below and remand for proceedings consistent with Rucker.
It is so ordered.
OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion, in which GRIMES and KOGAN, JJ., concur.
BARKETT, Chief Justice, specially concurring.
Relying on Judge Farmer's opinion below and this Court's decision in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), Murray argues that he cannot be resentenced as an habitual offender because the trial court failed to make specific findings that Murray's predicate convictions had not been pardoned or set aside. See § 775.084(1)(b)(3), Fla. Stat. (1989).
Shull is inapposite to the present case. The trial court in Shull sentenced the defendant under the sentencing guidelines, but impermissibly departed from the guidelines based upon the habitual offender statute. Id.; see Whitehead v. State, 498 So.2d 863, 866-67 (Fla. 1986) (holding that the habitual offender statute may not be used as a basis for departing from the guidelines). The issue addressed in Shull was the danger of developing after-the-fact reasons for departure sentences.
We see no reason for making an exception to the general rule requiring resentencing within the guidelines merely because the illegal departure was based upon only one invalid reason rather than several. We believe the better policy requires the trial court to articulate all of the reasons for departure in the original order. To hold otherwise may needlessly subject the defendant to unwarranted efforts to justify the original sentence and also might lead to absurd results. One can envision numerous resentencings as, one by one, reasons are rejected in multiple appeals.
515 So.2d at 750 (emphasis added); see Pope v. State, 561 So.2d 554, 556 (Fla. 1990) ("[W]e hold that when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines."). Such a danger does not exist here. Consequently, Shull does not control.
This case does not involve a departure sentence. Murray was sentenced as an habitual offender. Majority op. at 955. The error made by the trial court was failure to make specific findings that the predicate offenses upon which Murray's sentence was based had not been set aside or pardoned. State v. Rucker, 613 So.2d 460 (Fla. 1993). However, as we said in Rucker, "where the State has introduced unrebutted evidence  such as certified copies  of the defendant's prior convictions, a court may infer that there has been no pardon or set aside." 613 So.2d at 462. Accordingly, Rucker holds that it is an appropriate presumption that the predicate convictions on the record are valid. The defendant must rebut that presumption that valid convictions have not been pardoned or set aside. Eutsey v. State, 383 So.2d 219 (Fla. 1980).
GRIMES and KOGAN, JJ., concur.