SHAW, Justice.
Thomas appeals his first-degree murder conviction and sentence of death. He also appeals his thirty-year, habitual violent felony offender sentence for attempted robbery. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
On April 26, 1990, Richard Houston, the victim, drove into a low-income area of Fort Myers to purchase drugs and waved a wad of money out the car window. When a drug dealer approached selling crack cocaine, Houston told him he did not want rock cocaine, he wanted powder. The dealer, who had no powder, left. Appellant, David Thomas, then approached the ear, pulled out a gun, and when Houston attempted to drive away, fired a number of shots, killing him. Thomas confessed to the shooting but denied he intended to rob the victim. At trial, five eyewitnesses testified that Thomas did the shooting. Two provided testimony indicating that Thomas was attempting to rob the victim: One said that prior to the shooting Thomas said to him, “Want to get him?” and “Let’s get him,” and then after shooting the victim ran away laughing, and another said she heard Thomas tell the victim, “Give it up,” before he shot him. The jury found Thomas guilty of first-degree murder (both premeditated and felony) and attempted robbery with a firearm. During the penalty phase, the defense put on only Thomas’s mother, who testified that the family was poor and that Thomas was a poor student. The jury recommended death by a nine to three vote and the judge imposed the death penalty, finding two aggravating[1] and two nonstatutory mitigating circumstances.[2]
Thomas raises six issues.[3] He first claims that it was error for a State witness to characterize the crime scene as a high-crime area where many drug-related robberies took place. Defense counsel himself, however, depicted the scene as a high-crime area in his closing argument in an effort to discredit State eyewitnesses:
Then the next point I would bring to your attention is the area where this occurred. The four witnesses that have been in trouble with the law themselves, been convicted of felonies or sitting in jail on a pending felony, they don’t want to tell you that Lincoln Boulevard is known for dealing in drugs, crime.
We find no error.[4]
Thomas’s taped confession, which was played for the jury, contains the following statements made by the interviewing officer concerning the eyewitnesses:
Q. And what about those five people, though, you know, they also — you know, *157 they’re saying you’re trying to get the money from him. You know, give it up. You kept going, give it up, give it up.
[[Image here]]
Q. Okay. Listen. All the people that picked you out, okay, and you already told me you did shoot, okay, they say you tried to rob the guy; is that the case?
Thomas claims it was error to allow these statements to remain on the redacted tape because they give the impression that all five eyewitnesses heard him say he was going to rob the victim, whereas in fact only two actually made statements implicating robbery. We agree. The police statements give a false picture of the crime and could easily mislead or confuse the jury. On this record, however, we find the error harmless beyond a reasonable doubt.
During the penalty phase, the State introduced an exhibit containing the judgment for Thomas’s prior violent felony. Included within the exhibit was a guidelines scoresheet containing information on numerous other crimes, which Thomas now claims acted as a nonstatutory aggravating circumstance. Thomas, however, cannot complain about entry of the scoresheet, since defense counsel stipulated the exhibit into evidence (“That’s correct, Judge. We’re going to stipulate that into evi-dence_”), approving its contents.
Thomas next claims that the court erred when it found in its sentencing order that although the victim was engaged in the unlawful act of attempting to buy cocaine at the time of the murder, the victim’s conduct does not constitute a mitigating circumstance. We find no error. The victim’s efforts to buy cocaine are irrelevant to Thomas’s culpability.
We reject Thomas’s claim that his thirty-year, habitual violent felony offender sentence for attempted robbery must be reversed because the trial court failed to make a specific finding that the conviction on the predicate offense had not been set aside.[5] We noted in State v. Rucker, 613 So.2d 460 (Fla.1993), that the burden is on the defendant to assert a pardon or set aside as an affirmative defense. We then held that a trial court’s failure to make such findings is subject to harmless error analysis. We find the error harmless here where the State introduced unrebutted evidence of the prior conviction at trial and the defendant does not now assert that it was set aside. Thomas’ final claim that his death sentence is disproportionate is without merit.
Accordingly, we affirm Thomas’ first-degree murder conviction and sentences of death and thirty years’ imprisonment.
It is so ordered.
overton, McDonald, grimes, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., recused.

. The judge found that Thomas had previously been convicted of a felony involving violence, and that the murder was committed during a robbery attempt and for pecuniary gain. § 921.141, Fla.Stat. (1989).

. The judge found that Thomas had an emotionally and economically disadvantaged childhood and was a slow learner.

. Thomas raises the following issues: 1) the crime scene was improperly characterized as a high-crime area; 2) the taped statement should have been redacted; 3) the jury was exposed to nonstatutory aggravating evidence; 4) the victim’s conduct should have been considered as a mitigator; 5) the death sentence is disproportionate; and 6) the habitual offender sentence is illegal because the court failed to make the required findings.

.Thomas additionally claims as part of his first issue that it was error for a State witness to testify that her daughter told her prior to the crime, "Mom, they’re going to jack [i.e., rob] him.” The defense, however, failed to object to this particular statement, thus waiving the claim.

. The trial court expressly found that the prior conviction had not been pardoned.