619 So.2d 18 (1993)
Michael C. KNICKERBOCKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-3134, 90-3312.
District Court of Appeal of Florida, First District.
May 13, 1993.
Rehearing Denied June 23, 1993.
George F. Schaefer, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen. and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REMAND
PER CURIAM.
On August 21, 1992, this court issued an opinion in appellant's direct appeals from his convictions in two cases. Knickerbocker v. State, 604 So.2d 876 (Fla. 1st DCA 1992). In that opinion, we certified to the supreme court the following question, as one of great public importance: "May a sentence for a life felony be enhanced pursuant to the provisions of the habitual offender statute?" The supreme court answered the certified question in the negative, approving our disposition of the issue. However, the supreme court quashed our previous opinion "and remand[ed] for reconsideration in light of State v. Rucker, 613 So.2d 460 (Fla. 1993)." State v. Knickerbocker, 616 So.2d 33 (Fla. 1993). Accordingly, *19 we vacate our previous opinion and substitute the following.
In these two consolidated cases, appellant seeks review of his convictions for three counts of sexual battery, burglary, kidnapping and attempted trespass; and of the sentences imposed for those offenses. We conclude that all of the fourteen issues and sub-issues addressed to appellant's convictions are without merit, and that none requires discussion. Accordingly, we affirm all of appellant's convictions without further comment. However, we are constrained to reverse the sentences imposed for the sexual battery convictions, and to remand to the trial court for resentencing as to those convictions only.
In Case No. 89-3257-CF, appellant was convicted of three counts of sexual battery by use of, or threats to use, a deadly weapon or by actual use of physical force likely to cause serious personal injury, in violation of section 794.011(3), Florida Statutes (1987); armed burglary, with an assault, in violation of section 810.02(2)(a) and (b), Florida Statutes (1987); and kidnapping, in violation of section 787.01(2), Florida Statutes (1987). The trial court sentenced appellant, as an habitual violent felony offender, to life in prison for each offense, the five sentences to run consecutively. Appellant challenges those sentences on three grounds: (1) the convictions are not subject to the enhanced sentencing provisions of the habitual offender statute [§ 775.084, Fla. Stat. (Supp. 1988)]; (2) the trial court failed to make the required findings before concluding that appellant was an habitual violent felony offender; and (3) because all of the convictions arose out of a single criminal episode, there is no authority for the imposition of consecutive sentences.
Burglary during which an assault is committed, or while armed with a deadly weapon, is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. § 810.02(2)(a) & (b), Fla. Stat. (1987). The same is true of kidnapping. § 787.01(2), Fla. Stat. (1987). It is now clear that a sentence for a first-degree felony punishable by imprisonment for a term of years not exceeding life may be enhanced pursuant to the habitual offender statute. Burdick v. State, 594 So.2d 267 (Fla. 1992). Accordingly, insofar as the burglary and kidnapping convictions are concerned, appellant's first argument lacks merit.
The three sexual battery convictions are all life felonies. § 794.011(3), Fla. Stat. (1987). It is now clear that a sentence for a life felony may not be enhanced pursuant to the habitual offender statute. Lamont v. State, 610 So.2d 435 (Fla. 1992). Accordingly, we conclude that it was error to enhance the three sexual battery sentences pursuant to the habitual offender statute.
The state concedes that the trial court failed explicitly to make the findings required by the habitual offender statute. Appellant argues that the failure to make such findings requires reversal. However, in State v. Rucker, 613 So.2d 460 (Fla. 1993), the supreme court held that the failure to make findings required by the habitual offender statute is subject to a harmless error analysis.
Our review of the record reflects that the state introduced evidence that appellant had been convicted of sexual battery and kidnapping (either of which would have qualified as a predicate conviction sufficient to support an habitual violent felony offender sentence under the version of the statute applicable to appellant) less than five years before the date of the offenses for which appellant was being sentenced; and that appellant had neither had those prior convictions set aside in any post-conviction proceeding nor been pardoned. Appellant did not challenge either of those two prior convictions; claim that either had been set aside in post-conviction proceedings; or claim that he had been pardoned as to either conviction. In fact, in his initial brief, appellant concedes that "[t]he state arguably presented evidence at the sentencing hearing upon which the trial court judge could have made the requisite findings that [appellant] was subject to the habitual violent felony offender law." As in Rucker, here appellant did not attempt to rebut or contest any of the evidence *20 offered by the state; and does not argue on appeal that he does not qualify as an habitual violent felony offender. Accordingly, as in Rucker, we conclude that the trial court's failure expressly to make the required findings was harmless error.
Regarding appellant's final argument directed to his sentences, we conclude that the trial court possessed the power to impose consecutive sentences, notwithstanding the fact that all of the convictions arose out of the same criminal episode. § 775.021(4), Fla. Stat. (Supp. 1988). See Marshall v. State, 596 So.2d 114 (Fla. 2d DCA 1992). Mandatory minimum sentences imposed pursuant to the habitual offender statute must be imposed concurrently, rather than consecutively. Daniels v. State, 595 So.2d 952 (Fla. 1992). However, no issue regarding mandatory minimum sentences is presented by either of appellant's cases.
In summary, we affirm both the conviction and the sentence in Case No. 89-3161-CF (the attempted trespass case). In Case No. 89-3257-CF, we affirm all of appellant's convictions. We likewise affirm appellant's sentences on the burglary and kidnapping counts. However, we reverse appellant's sentences for the three sexual battery counts, and remand with directions that the trial court impose guidelines sentences for those convictions.
CASE NO. 89-3161-CF AFFIRMED. CASE NO. 89-3257-CF AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN, MINER and WEBSTER, JJ., concur.