ON MANDATE FROM SUPREME COURT
FARMER, Judge.
This case is back before us upon the Mandate of the Supreme Court of Florida. In our earlier decision in this case, we had affirmed the conviction but reversed the sentence to make specific factual findings as to whether defendant qualified for habitual felony offender [HFO] sentencing. Murray v. State, 602 So.2d 583 (Fla. 4th DCA 1992). On review the supreme court quashed our decision and returned the case to us for a determination as to whether it is really necessary in light of State v. Rucker, 613 So.2d 460 (Fla.1993), to send this case back to the trial court for resentenc-ing. Murray v. State, 616 So.2d 955 (Fla.1993). We now turn to that determination.
At the original sentencing hearing, the trial court made no express findings as to any of the HFO statutory criteria. Although the record shows that one month before the sentencing hearing the state had filed certified copies of some prior convictions, it is not clear whether those documents were even acknowledged or talked about, much less actually received in evidence. Yet at the sentencing hearing, the following (in part) transpired:
[THE STATE]: * * * At this time I will submit and move in evidence the PEN Pack [sic] from the Department of Corrections showing the Defendant’s listing the Defendant’s prior history including Informations, Judgments, and Sentences and prior guidelines sheets. I would ask the Court to review those pri- or to the imposition of sentence.
THE COURT: All right. Any objection to receiving them in evidence, Mr. Mason?
[DEFENSE]: No, I have reviewed them.
Later in the proceedings, defense counsel candidly said “I do not make light of the fact that Mr. Murray has an extensive record. I have gone through it. I know that it does in fact exist.”
The only basis asserted by defense counsel to avoid a HFO sentence was to argue *1343 that the unique aspects of the current offense, in which defendant had unsuccessfully contended that he had lawful possession of the property found to have been stolen, suggested more lenient treatment. Arguing for a HFO sentence, the state said: “He has got 20 prior convictions including 8 grand thefts.” Defendant did not contest or contradict that statement.
In short, the evidence of HFO-qualifying prior convictions was neither refuted nor questioned by defendant. This case is thus indistinguishable from our en banc decision today in Herrington v. State, 622 So.2d 1339 (Fla. 4th DCA 1993). Hence, conceding that the court made no finding on the record here even as to the fact of prior convictions within the requisite time period, as in Herrington we nevertheless find that the utter lack of specific HFO findings in this ease is plainly harmless error. Applying the holding in Rucker, therefore, we now affirm the HFO sentence as well as the conviction.
AFFIRMED.
ANSTEAD and WARNER, JJ., concur.