PER CURIAM.
Robert Foulds challenges the trial court’s order partially denying his motion for post-conviction relief but granting relief to the extent of resentencing. We affirm the portion of the trial court’s order denying relief based on ineffective assistance of counsel without further discussion. However, because the newly imposed sentence exceeds the maximum guidelines range, we remand for resentencing within the guidelines.
Foulds alleges three sentencing errors, one of which requires reversal. First, he alleges a sentencing error based on consecutive terms imposed for counts I and II, a lewd and lascivious act and handling and fondling a child under age sixteen, respectively. Because the State presented proof of two distinct criminal acts, the trial court properly imposed consecutive sentences for these counts. See § 775.021(4)(a), Fla. Stat. (1993); Knickerbocker v. State, 619 So.2d 18 (Fla. 2d DCA 1993).
The second sentencing error alleged is the addition of twenty victim injury points to Foulds’ sentencing score. While victim injury points cannot be scored without evidence in the record to support such injury, doing so does not constitute fundamental error. See State v. Montague, 682 So.2d 1085 (Fla.1996). Since Foulds failed to object to the victim injury points below, this issue is not preserved for appellate review.[1]
*325 The final sentencing error alleged by Foulds, that his cumulative sentence exceeds the guidelines range, requires reversal. As a preliminary matter, we note that this error was properly preserved as required by section 924.051, Florida Statutes (Supp.1996). Foulds’ total sentencing score was 393. This score gave Foulds a permitted sentencing range of nine to twenty-two years. ■ The trial court imposed a cumulative consecutive sentence of twenty-seven years (fifteen years on count I and twelve years on count II). This sentence exceeds the maximum permissible guidelines sentence (twenty-two years) by five years. See Fla. R.Crim. P. 3.988(b). Because appellant’s consecutive sentences exceed the maximum guidelines sentence and the court provided no written reasons to support an upward departure, we remand for resentencing within the permissible guidelines range. See § 921.001(6), Fla. Stat. (1993); Gibson v. State, 661 So.2d 288 (Fla. 1995).
FRANK, A.C.J., and THREADGILL and QUINCE, JJ., concur.

. Even if this issue had been properly preserved for review, based on the victim’s testimony we conclude the assessment of victim injury points was appropriate in this case.