PER CURIAM.
As defendant’s claims do not amount to claims of illegal sentence, the order denying relief under Florida Rule of Criminal Procedure 3.800(a) is affirmed. See Davis v. State, 661 So.2d 1193 (Fla.1995). Assuming the merits were properly before us, the court would also point out that under the version of the habitual offender statute applicable to this case (offense date June 11, 1993), the statute no longer required a finding that imposition of a habitual offender disposition was necessary for protection of the public. See § 775.084(4)(c), Fla. Stat. (1991); ch. 88-131, § 6, at 708, Laws of Fla. (deleting requirement for “a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant”); State v. Rucker, 613 So.2d 460, 462 (Fla. 1993). Thus, defendant is incorrect in arguing that such a finding was required in his case. Further, under this version of the habitual offender statute, a habitual offender disposition was exempt from the sentencing guidelines, see id. § 775.084(4)(e), and accordingly, no departure reasons were required.
Affirmed.