PER CURIAM.
We affirm the trial court’s denial of Donald Walker’s habeas corpus petition. The claim lacks merit even if viewed as a claim of an illegal sentence.
Walker claims that when he was resentenced in 1991, the trial court should have imposed a guidelines term, rather than the departure sentence he received. Walker relies on Shull v. Dugger, 515 So.2d 748 (Fla.1987). Shull held that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court. See also Murray v. State, 616 So.2d 955, 956 (Fla.1993) (Barkett, C.J., specially concurring) (“The issue addressed in Shull was the danger of developing after-the-fact reasons for departure sentences.”).
This court reversed Walker’s sentence because his conviction for second degree murder was already enhanced to a life felony based on his use of a firearm and thus could not be additionally enhanced under the habitual offender statute. Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991), rev. dismissed, 593 So.2d 1049 (Fla.1992). See, e.g., Lamont v. State, 610 So.2d 435 (Fla.1992) (Defendant convicted of life felony is not subject to enhanced punishment as habitual offender).[1] On re-sentencing the trial court again sentenced Walker to life, not as a habitual offender, but rather based upon a pattern indicating an increased and escalating history of criminal activity of an increasingly serious or violent nature.
Shull does not apply to this situation. See State v. Collins, 985 So.2d 985, 986-991 (Fla.2008). Collins reasoned that when a judge imposes a habitual offender sentence, he or she need not justify it with written reasons, except to find the predicate convictions for such a sentence. See also Jones v. State, 559 So.2d 204, 206-07 (Fla.1990); Compare Brumley v. State, 520 So.2d 275 (Fla.1988).
Walker’s claim was not previously reviewed on the merits despite his efforts. The trial court recognized this, directed a *610 response, and properly denied the claim.[2]

Affirmed.

MAY, C.J., STEVENSON and TAYLOR, JJ., concur.

. Life felonies did not become eligible for habitual offender treatment until October 1, 1995. See Nathan v. State, 689 So.2d 1150, 1152 n. 4 (Fla. 2d DCA 1997).

. We anticipate that Walker will no longer present the issue and therefore do not consider sanctions at this time. State v. Spencer, 751 So.2d 47, 49 (Fla.1999).