# Third District Court of Appeal

## State of Florida

Opinion filed June 3, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0977
Lower Tribunal No. F23-17332
_____

**Juan Carlos Alvarado-Balmaceda,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

PER CURIAM.

Juan Carlos Alvarado-Balmaceda ("Alvarado") appeals his convictions and sentences for burglary and petit theft. Alvarado argues that pursuant to Erlinger v. United States, 602 U.S. 821 (2024)[1] his enhanced sentence is constitutionally invalid because the trial court, not a jury, made the required factual findings that he is a habitual violent felony offender ("HVFO"). We affirm.

This Court has held that Erlinger errors are subject to harmless error review. See Madison v. State, 51 Fla L. Weekly D875, (Fla. 3d DCA Apr. 29, 2026); Mesa v. State, 51 Fla. L. Weekly D503 (Fla. 3d DCA Mar. 18, 2026); Tucker v. State, 51 Fla. L. Weekly D170 (Fla. 3d DCA Jan. 28, 2026). "A harmless error analysis in this context looks to 'whether the record demonstrates beyond a reasonable doubt that a rational jury' would have found the requisite facts." Avalos v. State, 419 So. 3d 299, 300 (Fla. 6th DCA 2025) (quoting Galindez v. State, 955 So. 2d 517, 523 (Fla. 2007)). "Indeed, if the record plainly and unequivocally establishes that the defendant

---

[1] While this appeal was pending, the United States Supreme Court decided Erlinger. Prior to filing his initial brief, Alvarado filed a motion to correct sentencing error in the trial court. See Fla. R. Crim P. 3.800(b)(2) ("If an appeal is pending, . . . [t]he motion [to correct a sentencing error] . . . must be served before the party's first brief is served."). In the motion, Alvarado argued that Erlinger requires a jury to make the required factual findings that the HVFO statute applies. Alvarado's motion also argued that "the State failed to offer evidence indicating that [his] convictions had not been set aside." The trial court denied the motion.

qualifies for the enhancement, it is not necessary for the court to delve into the <u>Erlinger</u> constitutional issue, because any resulting error would be harmless beyond a reasonable doubt." <u>Madison</u>, 51 Fla L. Weekly D875, at *1.

At sentencing, the State introduced evidence of Alvarado's prior conviction[2] establishing that he qualified as a habitual violent felony offender under section 775.084(1)(b), Florida Statutes. Alvarado did not contend that the prior conviction was not his, that the date of the prior conviction was incorrect, or that the prior conviction had been set aside or pardoned. At the hearing, Alvarado's counsel conceded that the State "has established that . . . Alvarado has one qualifying prior."

However, Alvarado's counsel argued at sentencing that the State failed to offer evidence indicating: (1) the date of Alvarado's release from probation; and (2) Alvarado's prior conviction had not been set aside or pardoned. First, the State provided evidence that on August 7, 2020, Alvarado was sentenced to one year of probation for the prior conviction. Because the burglaries and theft for which Alvarado was to be sentenced in this case occurred just over

---

[2] The trial court withheld adjudication and sentenced Alvarado to one year of probation. Per section 775.084(2), Florida Statutes, "[f]or the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction."

three years later, on August 9, 2023 and August 13, 2023, it is undisputed that the August 7, 2020 prior conviction clearly occurred within the five years required by section 775.084(1)(b)(2), Florida Statutes. See § 775.084(1)(b)(2)(b), Fla. Stat. (requiring that "the felony for which the defendant is to be sentenced was committed . . . [w]ithin 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant's release from . . . probation . . . that is imposed as a result of a prior conviction for an enumerated felony, whichever is later."). Second, Alvarado did not assert his prior conviction had been set aside or pardoned, nor did he, or the State, introduce any evidence reflecting the prior conviction had been set aside or pardoned. Hence, absent such evidence, it is undisputed that Alvarado's prior conviction had not been set aside or pardoned. See State v. Rucker, 613 So. 2d 460, 462 (Fla. 1993) (finding that "where the State has introduced unrebutted evidence . . . of the defendant's prior convictions, a court may infer that there has been no pardon or set aside").

Thus, based on the record before us, we conclude that any error in failing to submit the habitual violent felony offender factors to a jury was

4

harmless beyond a reasonable doubt, and affirm.[3] See Moore v. State, 424 So. 3d 586, 586-87 (Fla. 5th DCA 2025) ("Appellant claims that having the judge rather than a jury determine the underlying facts of whether he qualified for designation and sentencing as a Habitual Violent Felony Offender pursuant to section 775.084(1)(b), Florida Statutes, is contrary to Erlinger . . . , and thus unconstitutional. We affirm on this issue because *if* there was any error regarding the application of Erlinger, the record before this Court demonstrates conclusively that it was harmless error.").

---

[3] See Tucker, 51 Fla. L. Weekly D170 (affirming where "based on the record before this Court . . . error, if any, D170 or 2026 WL 216386 *1 was harmless beyond a reasonable doubt"); see also Hicks v. State, 422 So. 3d 607, 608 (Fla. 1st DCA 2025) (affirming on finding "any error in this case is harmless"); Flournoy v. State, 415 So. 3d 806, 808 (Fla. 2d DCA 2025) (affirming on finding that "there is no reasonable possibility that the error contributed to the sentence" where "the State read [defendant]'s prior record at the sentencing hearing and that [defendant]'s certified department of corrections packet . . . was filed below and is contained in our record[,] and where defendant "did not dispute his prior record . . . . And defense counsel conceded at sentencing that [defendant] qualified for the PRR enhancement."); Kenyon v. State, 51 Fla. L. Weekly D441 (Fla. 4th DCA Mar. 11, 2026) (affirming on finding "that any error was harmless beyond a reasonable doubt because no rational jury would have found the qualifying facts differently than the sentencing court"); Ashford v. State, 407 So. 3d 537, 537 (Fla. 5th DCA 2025) (affirming on finding any error "would be harmless"); Combs v. State, 51 Fla. L. Weekly D640, D640 (Fla. 6th DCA Mar. 27, 2026) (affirming on finding that "[t]he record reflects [a]ppellant had [a] . . . criminal record that clearly qualified him for the enhanced sentence" and that "because a rational jury would have arrived at the same conclusion as the trial court regarding [a]ppellant's prior convictions, any error is harmless").

Affirmed.