614 So.2d 21 (1993)
Larry ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0716.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction of aggravated battery and robbery with a deadly weapon. The trial court erred when it admitted, over appellant's objection, evidence of flight. See Merritt v. State, 523 So.2d 573 (Fla. 1988). The record, however, contains overwhelming evidence of appellant's guilt and, therefore, we hold the admission of this evidence constituted harmless error beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). We find no merit in appellant's contention that the trial court erred when it refused to admit evidence of an out-of-state felony to impeach a prosecution witness. See Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982); Johnson v. State, 449 So.2d 921 (Fla. 1st DCA), petition for review denied, 458 So.2d 274 (Fla. 1984). We also reject appellant's argument that the habitual offender statute is unconstitutional. See Roberts v. State, 559 So.2d 289 (Fla. 2d DCA), cause dismissed, 564 So.2d 488 (Fla. 1990); accord Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990), review denied, 576 So.2d 288 (Fla. 1991); Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991); Crawley v. State, 578 So.2d 16 (Fla. 4th DCA 1991).
*22 The trial court, however, failed to make any of the required findings under the habitual offender statute. See § 775.084(1)(a), Fla. Stat. (1991). Therefore, we reverse the sentence imposed and remand this cause to the trial court for resentencing. On remand, the trial court may again sentence appellant as an habitual felony offender upon making the predicate findings as required by section 775.084(1)(a), Florida Statutes (1991). See Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991). The absence of any findings precludes the application of State v. Rucker, 613 So.2d 460 (Fla. 1993).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY and DELL, JJ., and DOWNEY, JAMES C., Senior Judge, concur.