617 So.2d 336 (1993)
Aarry TARVER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2572.
District Court of Appeal of Florida, First District.
April 12, 1993.
Rehearing Denied May 7, 1993.
*337 Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Aarry Tarver has appealed from sentencing as an habitual felony offender, following his plea of nolo contendere to two counts of sale of a counterfeit controlled substance. We affirm.
Tarver's counsel files a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that she can make no good faith argument for reversal. Tarver files a pro se brief, arguing that: 1) the trial court failed to conduct the plea colloquy set forth at Rule 3.172(c), Florida Rules of Criminal Procedure; 2) the trial court failed to make the findings set forth at section 775.084(1)(a), Florida Statutes, prior to imposing an habitual offender sentence; and 3) the sentence was illegal based on the unconstitutionality, as violative of the single-subject rule, of the habitual offender statute as amended by Ch. 89-280, Laws of Florida. The state seeks to dismiss the appeal, citing section 924.06, Florida Statutes (defendant has no right to a direct appeal when he pleads nolo contendere without reservation).
We deny the motion to dismiss. See Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991) (the illegality of the sentence imposed may be raised on direct appeal despite entry of a plea). Tarver's argument that the plea colloquy was defective is without merit, in that he never moved to withdraw his plea, and further has shown no prejudice resulting from the alleged deficiency. See Rule 3.172(i), Fla. R.Crim.P. (failure to follow any of the procedures of the rule shall not void a plea absent a showing of prejudice). The constitutionality argument is similarly without merit, in that Tarver committed the instant offenses in August and September 1991, outside the relevant time period of October 1, 1989 to May 2, 1991. See Johnson v. State, 589 So.2d 1370, 1371 (Fla. 1st DCA 1991) approved State v. Johnson, 616 So.2d 1 (Fla. 1993).
We turn finally to the trial court's alleged failure to make any of the findings set forth at section 775.084(1)(a), Florida Statutes. At the sentencing proceeding following Tarver's plea, the state sought habitual offender classification (Tarver did not stipulate to habitual offender sentencing as a part of his plea agreement). The state introduced evidence of four prior felony convictions, the last occurring on October 15, 1990, and the defense specifically stated that it had no objection. The trial court thereafter found simply that "Mr. Tarver does meet the statutory requirements for sentencing as an habitual felony *338 offender. I'm therefore going to so classify him for sentencing purposes." The court then imposed concurrent 5 year terms.
While we agree that the trial court erred in failing to make any of the specific findings set forth at section 775.084(1)(a) prior to sentencing Tarver as an habitual offender, we find that such failure was harmless error under State v. Rucker, 613 So.2d 460 (Fla. 1993). We note that Rucker nominally addressed only the findings set forth at section 775.084(1)(a)3. and 4. (whether the necessary felony convictions had been pardoned or set aside in post-conviction proceedings). The court held that, where the state has introduced unrebutted evidence of a defendant's prior convictions, a failure to make these findings would be harmless error. The basis for that holding was that these findings were "ministerial determination[s] involving no subjective analysis." Rucker at 462.
However, given the same unrebutted evidence, no subjective analysis is required to determine either the existence of the requisite prior felony convictions, or that the last prior felony conviction occurred within 5 years of the commission of the present felony. Section 775.084(1)(a)1. and 2., Fla. Stat. Therefore, the logical outcome of Rucker is that, where the state has introduced unrebutted evidence of a defendant's prior convictions, the failure to make any of the findings set forth at section 775.084(1)(a) is harmless error. Because the state herein introduced certified copies of four prior felony convictions, the last occurring October 15, 1990, to which the defense specifically stated that it did not object, the failure of the trial court to make any of the findings set forth at section 775.084(1)(a) was harmless error, and we affirm.
Pursuant to Rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure, we note that this decision apparently conflicts with Robinson v. State, 614 So.2d 21 (Fla. 4th DCA 1993), although the omission of the facts of that case from the opinion makes it difficult to determine whether an actual conflict exists.
Affirmed.
JOANOS, C.J., and BARFIELD and MICKLE, JJ., concur.