ON MOTION FOR CERTIFICATION
JOANOS, Chief Judge.
In our decision issued in this cause on October 23, 1992, we reversed appellant’s sentence as an habitual felony offender, due to the trial court’s failure to make any of the findings required by section 775.-084(1)(a), Florida Statutes (1991). In response, the state filed a motion for certification of the question initially certified in Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), and for certification of conflict with Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992) and Bonner v. State, 599 So.2d 768 (Fla. 2d DCA 1992). During the period the motion for certification was under consideration, the supreme court issued its opinion in State v. Rucker, 613 So.2d 460 (Fla.1993), and quashed our decision in Anderson. See State v. Anderson, 613 So.2d 465 (Fla.1993). Pursuant to the supreme court’s decision in Rucker, we withdraw the opinion issued October 23, 1992, and affirm appellant’s sentence as an habitual felony offender. In light of this action, the state’s motion for certification is denied as moot.
In Rucker, the supreme court observed that prior to imposing an habitual felony offender sentence, the plain language of section 775.084 requires the trial court to find that the defendant has been convicted of two or more felonies within the requisite time period, and that the convictions have not been pardoned or set aside. However, the court further stated that when the state introduces unrebutted evidence of the defendant’s prior convictions, e.g., certified copies, “a court may infer that there has *1220 been no pardon or set aside. In such a case, a court's failure to make these ministerial findings is subject to harmless error analysis.” 613 So.2d at 462. The court further explained that, unlike the “public protection” finding of the 1981 version of the statute, the subparagraph (3) and (4) pardon/set aside findings required by the current version of the statute are “a ministerial determination involving no subjective analysis.” Id.
The Rucker decision involved only the failure to make the pardon/set aside findings.- The opinion does not specifically address the exact circumstance at issue in this case, i.e., the trial court’s failure to make any of the findings with respect to the four criteria enumerated in section 775.084(l)(a)l.-4. However, since none of the enumerated factors require subjective analysis, a logical extension of the rationale underlying the Rucker decision dictates that all of the findings required by section 775.084(l)(a) should be considered “ministerial.”
The record in this case contains a presen-tence investigation report setting forth appellant’s extensive criminal history. In addition, there are certified copies of prior convictions submitted by the state as the predicate for habitual felony offender sentencing. Appellant acknowledged the validity of the prior convictions, and made no claim that any of the predicate convictions had been pardoned or set aside in a post-conviction proceeding. Based upon this evidence, the trial court made an express finding that the state had met its burden of proving that appellant is an habitual felony offender. In view of the unrebutted evidence demonstrating that appellant qualifies for sentencing as an habitual felon, we conclude the trial court’s failure to make more specific findings was harmless. Rucker, 613 So.2d at 462.
Accordingly, appellant’s sentence as an habitual felony offender is affirmed.
ZEHMER and BARFIELD, JJ., concur.