PER CURIAM.
Lee Andre Reynard was sentenced in ten separate criminal cases involving convictions for burglary and grand theft. The sentencing guidelines scoresheet called for a recommended sentence of any non-state prison sanction and a permitted range of any nonstate prison sanction, community control, or up to 22 months’ incarceration. The trial court imposed concurrent sentences of 22 months’ imprisonment in two of the cases, followed by three consecutive 5-year periods of probation in three other cases. The remaining sentences run concurrently with various consecutive sentences. Reynard appeals the legality of these sentences, complaining that they violate the spirit of the sentencing guidelines because the trial court, upon a violation of probation after he has served the 22 months’ imprisonment that was the maximum under the guidelines, can avoid the limitations of the guidelines by sentencing him to further imprisonment without giving any credit for the time already served on the 22-month sentence.
We find no illegality in the sentences imposed. The sentences are within the legal limits prescribed by the pertinent statutes and are also within the sentencing guidelines. Whether Appellant will violate probation after his release from prison so that the problem urged by Appellant will ever occur is purely speculative at this point. Hence, Appellant’s argument is premature. However, we note that the su *1027 preme court’s recent opinion in Tripp v. State, 622 So.2d 941 (Fla.1993), would seem to answer the concerns raised by Appellant on this appeal should he ever violate his probation.
We agree with Appellant, however, that the written sentence in case number 91-1728 does not conform to the oral pronouncement, and the state’s brief does not contend otherwise. At the sentencing hearing, the court stated that:
In case numbers 1728 and 1729, in each case he’s adjudicated guilty and each ease he’s placed on probation for five years. In each case he will pay a statutory fee and cost of $229.00. In each case he will make restitution and in 1728 as to ... amount of $435 and 1729 it is to Steve Crooks in the amount of $285 and Ocean Underwriters in the amount of $434.46.
The court stated nothing in regard to community service hours or fees. Yet the written order of sentencing requires Appellant to work 500 hours of community service and to pay $250.00 in community service fees in case number 91-1728. Because the written sentence must conform to the oral pronouncement, and it does not do so in this case, the sentence in case number 91-1728 is vacated and that cause is remanded for entry of a sentence that conforms with the oral pronouncement. In all other respects, the sentences are affirmed.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.