622 So.2d 1339 (1993)
Stephen HERRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1654.
District Court of Appeal of Florida, Fourth District.
June 23, 1993.
Order Certifying Question on Rehearing September 1, 1993.
*1340 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
KLEIN, Judge.
Defendant appeals his sentence as an habitual offender because the court failed to make findings of fact required by section 775.084(1)(a) 1 & 2, Florida Statutes (1991). We conclude that the court's failure to make these findings is harmless error, and resolve a conflict between two of our opinions, Robinson v. State, 614 So.2d 21 (Fla. 4th DCA 1993), and Carbone v. State, 615 So.2d 282, 285 (Fla. 4th DCA 1993).
Defendant, charged in 1989 with seventeen counts of burglary, petty theft, or grand theft, agreed to a plea in which he was sentenced to one year in jail and fifteen years' probation. In 1990 defendant was charged with additional burglaries and grand thefts. He pled guilty and was sentenced to five years followed by probation. In 1991 defendant was charged with eight more counts of burglaries and grand thefts, and again pled guilty.
The state sought habitual offender classification on the 1991 charges. At the sentencing hearing a fingerprint examiner testified that the defendant's fingerprints matched those from the 1989 and 1990 cases, and defendant did not contest the fact that those were his convictions. The trial court sentenced him as an habitual offender on the 1991 charges, but did not make findings of fact.
Section 775.084(1)(a) 1, 2, 3 & 4, Florida Statutes (1991), provides that the court may extend the term of imprisonment for a defendant, as an habitual felony offender, if it finds that: (1) defendant has prior convictions of certain felonies, (2) the convictions for prior felonies occurred within a specific period of time related to commission of the latest felony, (3) the convictions were not pardoned, and (4) the convictions were not set aside. The statute requires findings of fact.
In State v. Rucker, 613 So.2d 460 (Fla. 1993), the Florida Supreme Court held that a trial court's failure to make findings of fact as to section 775.084(1)(a) 3 & 4 (that the prior felony convictions had not been pardoned or set aside) was harmless error, where there was unrefuted evidence of the prior convictions as required by section 775.084(1)(a) 1 & 2. It is not clear from Rucker whether the harmless error analysis can be applicable to the 1 and 2 requirements, since Rucker involved the failure to make findings only as to the 3 and 4 requirements. One panel of this court concluded that the absence of any findings precludes the harmless error analysis of Rucker, (Robinson), while another panel concluded that the failure to make "the findings" required by the statute is harmless under Rucker (Carbone).
We conclude that where, as here, the evidence of prior convictions which qualify the defendant as an habitual offender is *1341 unrefuted and unquestioned, the trial court's failure to make findings of fact as to those convictions is harmless error. The First District has also come to the same conclusion in Tarver v. State, 617 So.2d 336 (Fla. 1st DCA 1993). In Tarver, the First District noted apparent conflict with our opinion in Robinson. We hereby recede from that decision.
We recognize that there are arguable differences between the 1 and 2 requirements and the 3 and 4 requirements. Our supreme court, in Eutsey v. State, 383 So.2d 219 (Fla. 1980), held that the defendant has the burden of asserting a pardon or set aside (3 and 4), likening them to affirmative defenses. Where the 1 and 2 requirements of the statute (prior convictions) are undisputed, however, we can see no reason why the harmless error analysis of Rucker should not be applied.
We come to our conclusion with some reluctance because it is arguable that we have eviscerated the fact finding requirements which the legislature mandated in the statute. But for Rucker we would reverse this sentence; however, in light of it, we are persuaded that a reversal of an habitual offender sentence for lack of findings of fact, where the prior convictions are undisputed, would be a needless waste of time and expense.
We do not, by this opinion, condone trial judges ignoring the clear fact finding requirements of the habitual offender statute. Although it is harmless error under the facts in this case, it is nevertheless error, and could well require reversal if there were any question about the prior convictions. We therefore express the hope that trial courts will make the findings of fact in every case.
Defendant also argues that the trial court erred in retroactively sentencing him as an habitual offender for the 1989 and 1990 charges because he violated his probation in those cases. The state concedes this error based on Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989).
We therefore affirm defendant's habitual offender sentence for the 1991 charges, but reverse the habitual offender sentences for the 1989 and 1990 charges, and remand for resentencing on the 1989 and 1990 charges.
GLICKSTEIN, C.J., and ANSTEAD, LETTS, HERSEY, GUNTHER, WARNER, POLEN, and FARMER, JJ., concur.
STONE, J., dissents with opinion with which DELL, J., concurs.
STONE, Judge, dissenting.
I would not recede from Robinson, and would reverse Appellant's sentence for failure to make the required habitual offender findings. The harmless error analysis authorized by, and applied in, Rucker is limited to subsections 3 and 4 of section 775.084(1)(a), Florida Statutes.

ON REHEARING EN BANC
We deny rehearing but certify the following question as one of great public importance:
WHETHER A TRIAL COURT'S FAILURE TO MAKE THE REQUISITE STATUTORY FINDINGS UNDER SECTION 775.084(1)(a) 1 AND 2 IS SUBJECT TO THE SAME HARMLESS ERROR ANALYSIS CONTAINED IN STATE v. RUCKER, 613 So.2d 460 (Fla. 1993) WHERE THE EVIDENCE OF THE PRIOR CONVICTIONS WHICH QUALIFY A DEFENDANT AS A HABITUAL OFFENDER IS UNREBUTTED.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN and FARMER, JJ., concur.