DIAMANTIS, Judge.
Hubert Brown appeals his sentences as an habitual offender for the offenses of possession of cocaine[1] and possession of drug paraphernalia.[2] Brown contends that the trial court erred in failing to make the findings required by section 775.084(l)(a), Florida *298 Statutes (1991),[3] and in sentencing him as an habitual offender for possession of drug paraphernalia, a first-degree misdemeanor. We affirm Brown’s sentence as an habitual felony offender as to the possession of cocaine offense; however, we vacate his sentence as an habitual felony offender as to the possession of drug paraphernalia offense and remand for resentencing on this offense.
At Brown’s sentencing hearing the state introduced into evidence, without objection, copies of judgments indicating that Brown was convicted of three prior felonies within the five-year period immediately preceding his commission of the current felony offense of possession of cocaine. The state also introduced an affidavit from the Office of Executive Clemency indicating that the prior convictions had not been pardoned.
The trial court found that Brown qualified for sentencing under the habitual offender statute because Brown had the requisite pri- or convictions and because the sentence was necessary for the protection of the public. The court noted that Brown had a continuing drug habit which provided a market for the ongoing drug trade, in which Brown had participated as a consumer and as a salesman. Brown acknowledged the validity of the prior convictions and made no claim that any of them had been pardoned or set aside in a post-conviction proceeding.
In view of the unrebutted evidence demonstrating that Brown qualified for sen-fencing as an habitual felony offender, the trial court’s failure to specifically find that Brown had not been pardoned for any of the predicate convictions or that the convictions had not been set aside pursuant to sections 775.084(l)(a)3 and 4 was harmless error. State v. Rucker, 613 So.2d 460 (Fla.1993). Additionally, in Tarver v. State, 617 So.2d 336 (Fla. 1st DCA 1993), and Crenshaw v. State, 616 So.2d 1219 (Fla. 1st DCA 1993), the court held that, where the state has introduced unrebutted evidence of a defendant’s prior convictions, a general finding by the trial court either that the defendant meets the statutory requirements for sentencing as an habitual felony offender or that the state has met its burden of proving that the defendant meets the statutory requirements is sufficient and that failure to make any of the specific findings set forth in sections 775.084(l)(a)l and 2 is harmless error.[4] In the present case, the trial court made the requisite findings under sections 775.-084(l)(a)l and 2. Thus, we affirm Brown’s sentence as an habitual felony offender for the conviction of possession of cocaine.
The state properly has conceded, however, that the trial court erred in sentencing Brown to a term of five years incarceration as an habitual felony offender followed by five years drug offender probation for the offense of possession of drug paraphernalia because this offense is a first-degree misdemeanor. See § 775.084(l)(a), Fla. Stat. (1991). A conviction for a misdemeanor is not subject to enhancement under the habitual felony offender statute, and the maximum sentence that Brown can receive *299 for the misdemeanor offense is imprisonment not to exceed one year. See § 775.082(4)(a), Fla.Stat. (1991). Accordingly, we vacate Brown’s sentence as an habitual felony offender for the offense of possession of drug paraphernalia and remand this cause for re-sentencing as to that offense.
AFFIRMED in part; VACATED in part; and REMANDED.
HARRIS, C.J., and PETERSON, J., concur.

. See §§ 893.13(l)(f), 893.03(2)(a)(4), Fla.Stat. (1991).

. See § 893.147(1), Fla.Stat. (1991).

. Section 775.084(l)(a) provides:
775.084 Habitual felony offenders and habitual violent felony offenders; extended terms; definitions; procedure; penalties.—
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.

.Tarver acknowledged apparent conflict with Robinson v. State, 614 So.2d 21 (Fla. 4th DCA), rev. denied, 620 So.2d 762 (Fla.1993).