HARRIS, Chief Judge.
The issues on appeal concern whether certain similar fact evidence was improperly admitted when impeaching a witness and whether the trial court improperly failed to make findings of fact at sentencing to support the defendant’s habitualization.
On December 28, 1990, the victim in this case reported to the police that Roger Pompa had been a guest at her home for several days over Christmas and had taken some of her valuables when he left. Pompa was charged with grand theft of the third degree.
Due to Pompa’s past record, the State filed a notice of intent to seek habitual offender sanctions. On the day of trial, the State discovered that Pompa’s new wife, his star witness, had filed an almost identical charge against him a month prior to the incident in this case. She alleged that while she was Pompa’s girlfriend, he lived with her but upon moving out, took some of her property with him. Five days after marrying Pompa, she dropped the charges, claiming that the items thought to have been taken either actually belonged to Pompa or were later found in a subsequent inventory and had not been taken at all. Because the incident was discovered during last-minute trial preparations, the State failed to give the required ten-day notice of its intent to use similar fact evidence.
The defense moved in limine to exclude the evidence as irrelevant and because of the lack of notice. The court ruled the evidence admissible but limited cross-examination of the wife by disallowing any questioning regarding the specific items allegedly taken in her case.
The jury found Pompa guilty of grand theft in the third degree. A PSI was ordered and a guidelines scoresheet prepared which listed one second degree felony, two third degree felonies, and two misdemeanors as prior offenses. The dates of these offenses were not listed on the scoresheet.
At the sentencing hearing, pursuant to its previously filed notice, the State requested that Pompa be sentenced as an habitual offender. The State presented no evidence to support its request for habitualization. The trial court sentenced Pompa to eight years in the Department of Corrections as an habitual offender but made no factual findings to support the habitualization.
Pompa first contends that the trial court erred in admitting evidence that his wife had dismissed a complaint against him concerning some missing property she believed he had stolen from her. The State responds that its sole reason for presenting the evidence was to show that Pompa’s wife, having once filed charges, quickly withdrew them upon her marriage to the defendant. The fact that the charges were similar to those filed in the instant case was coincidental. Because the defendant’s wife was the only defense witness, her credibility was a critical issue, and her willingness to so readily drop the charges on the heels of her marriage evidenced a possible bias that could very well pervade her testimony.
Section 90.404 provides in part: 90.404 Character evidence; when admissible.—
(2) OTHER CRIMES, WRONGS, OR ACTS.—
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity-
(b) 1. When the state in a criminal action intends to offer evidence of other criminal *116 offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal. (Emphasis added)
The supreme court has held that where a party is attempting to impeach a defense character witness, examining that witness about a specific act of misconduct by the defendant that is known to the witness is proper cross-examination and not a violation of the Williams rule. Gunsby v. State, 574 So.2d 1085 (Fla.), cert, denied, — U.S. -, 112 S.Ct. 136, 116 L.Ed.2d 108 (1991). In addition, as the statute provides, the State is not required to file a notice of intent to offer similar fact evidence where the evidence is offered only to impeach. Carter v. State, 606 So.2d 675 (Fla. 4th DCA 1992). Finally, as sectipn 90.608 provides, any party may impeach any witness by showing that the witness is biased.
We find that the examination of Mrs. Pompa concerning her withdrawal of a previous complaint about misconduct by Pompa (namely his removal of items from her home) was proper cross-examination in order to impeach the witness based on her bias. We, therefore, affirm Pompa’s conviction.
However, we agree with Pompa that his sentence as an habitual offender must be vacated because the record fails to support habitualization. The State argues that the scoresheet and the prosecuting attorney’s un-sworn statement that Pompa had been released from incarceration only two and a half months prior to committing the instant crime satisfy the statute’s factual finding requirement. The prosecuting attorney’s hearsay representation is not supported by the information contained in the scoresheet or any other record evidence.
The relevant statutory provision, section 775.084, provides in part:
(1) As used in this act:
(a) “Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance;
4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
5. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any postconvietion proceeding.
In this case, the record does not show that Pompa’s prior record justifies habitualization.[1] The scoresheet does not show when the prior crimes were committed nor is there any showing other than the attorney’s hearsay statement as to when Pompa was released from prison. The State simply must do more.
Although the absence of factual findings may be harmless error where the State introduces unrebutted evidence of the defendant’s prior convictions,[2] where, as here, the *117 court makes no findings and the State presents no proper evidence, the habitualization is improper. The sentence is therefore va-eated with instructions that the court, upon resentencing, make the necessary findings to support habitualization based on appropriate evidence or resentence under the guidelines,
PETERSON, J., concurs.
COBB, J., dissents, with opinion.

. Although there is reference to a PSI, it was not made a part of this record.

. Brown v. State, 626 So.2d 297 (Fla. 5th DCA 1993); Tarver v. State, 617 So.2d 336 (Fla. 1st DCA), rev. denied, 629 So.2d 135 (Fla.1993); Crenshaw v. State, 616 So.2d 1219 (Fla. 1st DCA 1993).