PER CURIAM.
John Ernest Verble has appealed from judgment and sentence imposed following his plea of nolo contendere to shooting into a building and carrying a concealed firearm. We reverse, and remand for resentencing.
Verble was charged with shooting into a building, aggravated assault, and carrying a concealed firearm (Counts I — III, respectively). The trial court thereafter accepted his plea of nolo contendere to Counts I and III, in return for a guidelines sentence and a nolle prosequi of Count II.
The scoresheet prepared for sentencing reflected a total of 68 points, corresponding *891 to a permitted sentence of up to 4)6 years incarceration. At sentencing, the trial court orally pronounced a single split sentence of “3)6 years [incarceration] and 5 [years] probation.” The written judgment adjudicated Verble guilty of Counts I and III (denominated Counts 001 and 003). The written sentences indicate, as to “Count 00 — ,”, 3 years and 6 months plus 5 years probation and, as to “Count 002,” 3 years and 6 months (no probation). Finally, the written probation order imposes probation “for a period of 5 years, each count concurrent, but consecutive to 3]6 years prison.”
A trial court must impose a sentence for each offense. Fla.R.Crim.P. 3.701(d)(12). The trial judge herein pronounced a single split sentence of 3)6 years incarceration followed by 5 years probation, without specifying the offense to which the sentence applied.[1] While the written judgment and sentence purport to impose a sentence for each offense, the oral pronouncement of sentence prevails over the written judgment and sentence form. Armstead v. State, 612 So.2d 623, 624 (Fla. 1st DCA 1993). Further, the written sentences are ambiguous as to the counts to which they pertain, that is, one specifies “Count 00 — ,” and the other “Count 002” (which the state dismissed as part of Verble’s plea bargain). Finally, the written probation order appears to impose probation as to both counts which, as noted, would result in an illegal sentence as to the offense of carrying a concealed firearm.
Based on the totality of the circumstances as set forth above, we reverse the sentences imposed below, and remand for resentencing.
ZEHMER, C.J., SMITH, J., and WENTWORTH, Senior Judge, concur.

. We note that this sentence would be illegal as to the offense of carrying a concealed firearm, a third-degree felony with a maximum statutory term of 5 years. See Committee Note to Fla. R.Crim.P. 3.701(d)(12) (if a split sentence is imposed, the total sanction — incarceration and probation — shall not exceed the term provided by general law).