643 So.2d 1078 (1994)
Stephen HERRINGTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 82460.
Supreme Court of Florida.
October 20, 1994.
Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Bureau Chief and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
HARDING, Justice.
We have for review Herrington v. State, 622 So.2d 1339 (Fla. 4th DCA 1993), where the district certified this question as one of great public importance:
WHETHER A TRIAL COURT'S FAILURE TO MAKE THE REQUISITE STATUTORY FINDINGS UNDER SECTION 775.084(1)(a)1 AND 2 IS SUBJECT TO THE SAME HARMLESS ERROR ANALYSIS CONTAINED IN STATE V. RUCKER, 613 So.2d 460 (Fla. 1993) WHERE THE EVIDENCE OF THE PRIOR CONVICTIONS WHICH QUALIFY A DEFENDANT AS A HABITUAL OFFENDER IS UNREBUTTED.
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
We answer the certified question in the affirmative. Because ascertaining whether a criminal defendant has prior felony convictions *1079 is a ministerial determination, it is harmless error when a trial court fails to make findings of fact under sections 775.084(1)(a)1. and 2.[1] where, as here, the evidence of prior convictions is unrebutted.
In 1989, Herrington was charged with seventeen counts of offenses including burglary, petit theft, and grand theft. As part of a plea agreement, he was sentenced to one year in the county jail and fifteen years' probation. In 1990, Herrington was charged with additional burglaries and thefts. He pleaded guilty and was sentenced to five years, followed by probation. In 1991, Herrington was charged with eight more counts of burglary and grand theft. Again, he pleaded guilty.
The State sought habitual offender classification on the 1991 charges. At the sentencing hearing a fingerprint examiner testified that he matched fingerprints from Herrington's 1991 cases with those from the 1989 and 1990 cases. Herrington did not contest the fact that those were his convictions. In sentencing Herrington as an habitual offender, the trial judge did not make findings of fact.[2] He said only that "[b]ased upon your record, this Court has absolutely no alternative but to declare you to be an habitual offender."[3]
Herrington appealed his sentences as an habitual offender because the trial court failed to make findings of fact. The district court, relying on our decision in State v. Rucker, 613 So.2d 460 (Fla. 1993), held that the failure to make those findings was harmless error. Herrington, 622 So.2d at 1340.
In Rucker we held that a trial court's failure to make findings of fact for sections 775.084(1)(a)3. and 4.[4] was harmless error. The district court recognized that Rucker dealt only with subparagraphs 3. and 4.  and not with subparagraphs 1. and 2., which are at issue in Herrington's case. Nonetheless, the district court concluded that "where, as here, the evidence of prior convictions which qualify the defendant as an habitual offender is unrefuted and unquestioned, the trial court's failure to make findings of fact as to those convictions is harmless error." Herrington, 622 So.2d at 1340-41.
The district court did note that if not for Rucker it would reverse Herrington's sentence. Id. at 1341. Under the circumstances, however, the court said, "in light of [Rucker], we are persuaded that a reversal of an habitual offender sentence for lack of findings of fact, where the prior convictions are undisputed, would be a needless waste of time and expense." Id.
We recognize that the legislature intended the trial court to make specific findings of fact when sentencing an habitual offender. *1080 Nonetheless, we agree with the district court and reject Herrington's argument that the failure to make findings under subparagraphs 1. and 2. constitutes reversible fundamental error. In Rucker we held that a trial court's finding that prior convictions have not been pardoned or set aside "is a ministerial determination involving no subjective analysis." 613 So.2d at 462. That rationale applies equally to the determination of whether a criminal defendant has prior convictions. Unlike subjective determinations, simple ministerial determinations are easily discernible from the record and allow meaningful appellate review.[5]
In this case, where the evidence of prior convictions is unrefuted, no meaningful purpose would be served by reversing the habitual offender sentences. We emphasize that while the failure in this case was harmless error, "it is nevertheless error, and could well require reversal if there were any question about the prior convictions." Herrington, 622 So.2d at 1341.
Accordingly, we approve the decision of the district court upholding Herrington's sentence as an habitual offender.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and WELLS, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Section 775.084(1)(a), Florida Statutes (1991), provides in relevant part:

(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later... .
[2] Section 775.084(3)(d), Florida Statutes (1991), requires a trial judge to make findings:

(3) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows: ...
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
[3] The trial court also retroactively sentenced Herrington as an habitual offender for the 1989 and 1990 charges because he violated probation in those cases. See Herrington v. State, 622 So.2d 1339, 1341 (Fla. 4th DCA 1993). The district court reversed the habitual offender sentences for the 1989 and 1990 charges and remanded for resentencing. Id. Those sentences are not before this Court.
[4] Sections 775.084(1)(a)3. and 4., Florida Statutes (1991), provide that a defendant may be sentenced as an habitual offender if:

3. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this section; and
4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
[5] Herrington relies on cases decided under a predecessor statute to support his argument. An earlier version of the statute required the sentencing court to "determine if it is necessary for the protection of the public to sentence the defendant to an extended term." See § 775.084(3), Fla. Stat. (1987). The legislature struck that provision, which involves a subjective determination, in 1988. Ch. 88-131, § 6, at 708, Laws of Fla.