HARDING, Justice.
We have for review Arnold v. State, 631 So.2d 368 (Fla. 4th DCA 1994), where the district court certified the same question it certified in Herrington v. State:
WHETHER A TRIAL COURT’S FAILURE TO MAKE THE REQUISITE STATUTORY FINDINGS UNDER SECTION 775.084(l)(a) 1 AND 2 IS SUBJECT TO THE SAME HARMLESS ERROR ANALYSIS CONTAINED IN STATE v. RUCKER, 613 So.2d 460 (Fla. 1993) WHERE THE EVIDENCE OF THE PRIOR CONVICTIONS WHICH QUALIFY A DEFENDANT AS AN HABITUAL OFFENDER IS UNREBUT-TED.
Herrington, 622 So.2d 1339, 1341 (Fla. 4th DCA 1993), review granted, 632 So.2d 1026 (Fla.1994). We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution.
We recently answered this certified question in the affirmative in Herrington v. State, 643 So.2d 1078 (Fla.1994). We held that because ascertaining whether a criminal defendant has prior felony convictions is a ministerial determination, it is harmless error when a trial court fails to make findings of fact under sections 775.084(l)(a)l. and 2[1] where the evidence of prior convictions is unrebutted.
As in Herrington, the evidence of Arnold’s prior convictions was unrebutted, but the trial court did not make findings of fact as required by section 775.084(3)(d), Florida Statutes (1991).
As we stated in Herrington, whether a criminal defendant has prior convictions is a ministerial determination that involves no subjective analysis. A ministerial determination can be discerned easily from the record and thus allows meaningful appellate review.
We stress, as we did in Herrington, that while the trial court’s failure to make findings in this case is harmless error, it is error nonetheless and could require reversal if there were questions about the prior convictions.
Accordingly, we answer the certified question in the affirmative. We approve the *420 decision of the district court affirming Arnold’s sentences as an habitual offender in case numbers 92-1018 and 91-13730.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.

. Section 775.084(l)(a), Florida Statutes (1991). provides in relevant part:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been-convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later....