647 So.2d 818 (1994)
Mark DaCOSTA, Petitioner,
v.
STATE of Florida, Respondent.
No. 82775.
Supreme Court of Florida.
December 8, 1994.
*819 Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen. and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for respondent.
HARDING, Justice.
We have for review DaCosta v. State, 625 So.2d 1317 (Fla.4th DCA 1993), in which the district court certified the same question it certified in Herrington v. State:
WHETHER A TRIAL COURT'S FAILURE TO MAKE THE REQUISITE STATUTORY FINDINGS UNDER SECTION 775.084(1)(a)1 AND 2 IS SUBJECT TO THE SAME HARMLESS ERROR ANALYSIS CONTAINED IN STATE V. RUCKER, 613 So.2d 460 (Fla. 1993) WHERE THE EVIDENCE OF THE PRIOR CONVICTIONS WHICH QUALIFY A DEFENDANT AS AN HABITUAL OFFENDER IS UNREBUTTED.
Herrington, 622 So.2d 1339, 1341 (Fla.4th DCA 1993), approved, 643 So.2d 1078 (Fla. 1994). We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution.
We recently answered this certified question in the affirmative in Herrington v. State, 643 So.2d 1078 (Fla. 1994). We held that because ascertaining whether a criminal defendant has prior felony convictions is a ministerial determination, it is harmless error when a trial court fails to make findings of fact under sections 775.084(1)(a)1. and 2.[1] where the evidence of the prior convictions is unrebutted.
As in Herrington, the evidence of DaCosta's prior convictions, which were used to sentence him as an habitual offender on Count I, was unrebutted. At sentencing, DaCosta acknowledged serving prison time, and his attorney stipulated that DaCosta qualified to be sentenced as an habitual offender. The trial court did not, however, make findings of fact as required by section 775.084(3)(d), Florida Statutes (1991).
As we stated in Herrington, whether a criminal defendant has prior convictions is a ministerial determination that involves no subjective analysis. A ministerial determination is easily discernible from the record and thus allows for meaningful appellate review.
We emphasize, as we did in Herrington, that while the trial court's failure to make findings in this case is harmless error, it is error nonetheless and could require reversal in cases where there are questions about prior convictions.
Accordingly, we answer the certified question in the affirmative. We approve the decision of the district court affirming DaCosta's sentence as an habitual offender for Count I.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 775.084(1)(a), Florida Statutes (1991), provides in relevant part:

(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later... .