650 So.2d 1052 (1995)
Ernest McKINLEY, a/k/a Jimmy Payne, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04678.
District Court of Appeal of Florida, Second District.
February 17, 1995.
*1053 Mark S. Gruber, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Ernest McKinley challenges the habitual offender sentence imposed following his plea of nolo contendere to burglary of a structure and grand theft. We affirm his conviction and habitual offender sentence, but remand to correct a scrivener's error in the final judgment.
The appellant first argues that the trial court's failure to make the requisite findings as to the existence and timing of his previous felony convictions under section 775.084(1)(a)1. and 2., Florida Statutes (1993), is not controlled by State v. Rucker, 613 So.2d 460 (Fla. 1993). Rucker held that a trial court's failure to make findings for subparagraphs (1)(a)3. and 4. was harmless error. During the pendency of this case, however, the Florida Supreme Court approved the decision in Herrington v. State, 622 So.2d 1339 (Fla. 4th DCA 1993), approved, 643 So.2d 1078 (Fla. 1994), which held that where the evidence of prior convictions is unrefuted, the trial court's failure to make the findings under subparagraphs 1. and 2. was subject to harmless error analysis. Because the evidence here is unrebutted, any error, therefore, is harmless.
For his second issue, the appellant contends that he should have been allowed to withdraw his plea or be resentenced because he was promised a fair consideration of the substantive issues regarding the constitutional application of the habitual offender statute to black males. At the plea hearing, defense counsel suggested that the habitual offender statute was unconstitutional as raised in an unrelated case before the same trial judge. There, the habitual offender statute was challenged both on its face and as applied to the defendant based upon a statistical study commissioned by the Florida legislature that tends to support the conclusion that a disproportionate percentage of blacks are habitualized. The trial judge in the instant case told him that if the habitual offender sentence was determined to be unconstitutional in that case, that he would resentence McKinley. The conviction in that case was affirmed.[1]
*1054 The appellant received notice of the state's intent to habitualize him. The negotiated plea was a knowing and intelligent one. Had he gone to trial, he faced an enhanced penal history from pending cases. McKinley discussed the possibility of a habitualized sentence with the judge, and he clearly understood that it was the judge's decision whether to habitualize him if he qualified. Moreover, he received a reduced sentence. We see no error.
Lastly, McKinley argues that the application of the habitual offender statute is unconstitutional because it is racially discriminatory. No constitutional issues were raised at the sentencing hearing. No evidence was adduced in the instant case that racial considerations played a part in the appellant's sentence.
A defendant who alleges an equal protection violation has the burden of proving the existence of purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987). A criminal defendant must prove that decisionmakers in his case acted with a discriminatory purpose. Id. Statistics alone cannot make out a prima facie case of purposeful discrimination. Id.; Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995).
Our review of the record discovered a scrivener's error in the final judgment which lists grand theft as a first degree felony. The information charged him with grand theft in the third degree, and he was sentenced accordingly. We, therefore, reverse and remand for the correction of the final judgment. The appellant need not be present.
Accordingly, we affirm the appellant's conviction and habitual offender sentence and reverse and remand for correction of the final judgment.
ALTENBERND and LAZZARA, JJ., concur.
NOTES
[1] Wilson v. State, 648 So.2d 734, affirmed per curiam (Fla. 2d DCA 1994).