LEVY, Judge.
A defendant appeals the trial court’s sentencing order and also appeals the court’s determination that he should be sentenced as a habitual felony offender. We affirm in part and reverse in part.
Appellant’s first contention on appeal is that the trial court committed reversible error by deviating, in its written sentencing order, from the oral pronouncement of sentence at the sentencing hearing. More specifically, the appellant asserts that the trial court properly sentenced the defendant, orally, to two five-year concurrent sentences for counts five and seven of the Information, both third-degree felonies, and then deviated from this oral pronouncement in the written sentencing order by sentencing the appellant to a ten-year sentence for count five and a life sentence for count seven. The appellant also asserts that the court erred by imposing an illegal sentence as to counts five and seven in the sentencing order. The State correctly concedes that the trial court erred, for the foregoing reasons, by imposing the sentences in the written sentencing order. “The law is clear that the written sentence entered in a criminal case must conform to the trial court’s oral pronouncement of sentence in open court.” Nodal v. State, 650 So.2d 696, 696 (Fla. 3d DCA 1995); see also Verble v. State, 636 So.2d 890, 891 (Fla. 1st DCA 1994); Trueblood v. State, 635 So.2d 1024, 1025 (Fla. 1st DCA 1994); White v. *654 State, 624 So.2d 811, 812 (Fla. 3d DCA 1993); Armstead v. State, 612 So.2d 623, 624 (Fla. 1st DCA 1993); Fairman v. State, 576 So.2d 948, 950 (Fla. 3d DCA 1991); Wilcher v. State, 524 So.2d 1105, 1106 (Fla. 3d DCA 1988). In addition, the sentences imposed for counts five and seven, in the written sentencing order, were illegal since both sentences exceeded the statutory maximum sentence for a third-degree felony. See § 775.082(3)(d), Fla.Stat. (1993).
Appellant next contends that the trial court erred in sentencing him as a habitual felony offender. We find no merit in this contention. See Herrington v. State, 643 So.2d 1078 (Fla.1994), aff’g, 622 So.2d 1339 (Fla. 4th DCA 1993); see also Arnold v. State, 645 So.2d 418 (Fla.1994); DaCosta v. State, 647 So.2d 818 (Fla.1994); State v. Rucker, 613 So.2d 460 (Fla.1993); Tarver v. State, 617 So.2d 336 (Fla. 1st DCA), review denied, 629 So.2d 135 (Fla.1993).
Accordingly we reverse the portion of the sentencing order which deviates from the oral pronouncement of sentence and direct the trial court, on remand, to conform the written sentencing order to the oral sentence pronounced at the sentencing hearing. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded with directions.