Mr. Roger H. Alderman Executive Director Florida Association of Court Clerks and Comptrollers 3375 Capital Circle Northeast, Suite I Tallahassee, Florida 32308
Dear Mr. Alderman:
On behalf of several clerks of court, you ask the following questions:
1. May the additional costs authorized in section 960.20, Florida Statutes, be assessed for each count for which the person pleads guilty or nolo contendere or is convicted or adjudicated delinquent?
2. May a person who commits a crime prior to July 1, 1992, but who is convicted of the crime after that date, be assessed $50?
3. If an individual who has been assessed additional costs under section 960.20, Florida Statutes, and has been placed on probation violates the terms of that probation, does the violation of probation constitute an offense for which additional costs under section 960.20 may again be assessed?
4. Does section 960.20, Florida Statutes, permit the waiver of additional costs by the judge without specific reasons for such waiver being placed on the record?
In sum:
1. The additional costs authorized in section 960.20, Florida Statutes, are assessed on a per-case, rather than a per-count, basis. Therefore, such costs may not be assessed for each count for which the person pleads guilty or nolo contendere or is convicted or adjudicated delinquent.
2. The date on which the offense occurs determines the amount of additional costs. Thus, a person who commits a crime prior to July 1, 1992, but is convicted of the crime after that date would be assessed the amount authorized by section 960.20, Florida Statutes, on the date of the offense.
3. If the offense for which probation has been revoked constitutes a felony, misdemeanor, delinquent act, or criminal traffic offense and the probationer is adjudicated guilty of this offense or pleads no contest to the charges, the additional costs may be imposed. However, if the offense for which probation is revoked results only in the imposition of a sentence that was withheld when the defendant was placed on probation, section 960.20, Florida Statutes, does not authorize the imposition of such additional costs.
4. Section 960.20, Florida Statutes, requires that the court must state on the record in detail the reasons for waiving the assessment of additional costs.
Question One
Section 960.20(1), Florida Statutes, provides:
When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld shall also be assessed such cost. (e.s.)
The courts have held that the statutory costs assessed for the Crimes Compensation Trust Fund are to be imposed on a percase, rather than per-count, basis. For example, the court in Hunter v. State[1] stated that because section 960.20 provides that costs shall be imposed "in the case," such statutory costs are to be imposed on a per-case rather than per-count basis.[2]
Accordingly, I am of the opinion that since the additional costs authorized in section 960.20, Florida Statutes, are assessed per-case and not per-count, such costs may not be assessed for each count for which the person pleads guilty or nolo contendere or is convicted or adjudicated delinquent.
Question Two
As noted in the previous question, section 960.20(1), Florida Statutes, authorizes the imposition of additional costs "[w]hen any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law[.]" Such costs are in addition and prior to any other costs required to be imposed by law.
In 1992, the statutory amount to be imposed as additional costs pursuant to section 960.20, Florida Statutes, was raised from $20 to $50.[3] In light of the language assessing additional costs upon adjudication, you ask whether a person who commits a crime prior to July 1, 1992, but is convicted of the crime after that date, may be assessed $50 rather than $20.
The district courts of this state have held that the amount of additional costs to be imposed under section 960.20, Florida Statutes, is to be based on the statute in effect at the time the defendant committed the offense. For example, in Woods v. State,[4] the court held that the amount to be paid by the defendant is to be determined by the applicable statute at the time the offense is committed. Since the defendant's crime occurred before July 1, 1992, the court ordered the Crimes Compensation Trust Fund assessment to be reduced from $50 to $20 to reflect that amount.[5]
Accordingly, it is my opinion that a person who commits a crime prior to July 1, 1992, but is convicted of the crime after that date would be assessed the amount authorized by section 960.20, Florida Statutes, on the date of the offense.
Question Three
Section 948.01, Florida Statutes, provides that a court having original jurisdiction of criminal actions may, either with or without an adjudication of the guilt of the defendant, hear and determine the question of probation of the defendant in a criminal case, with certain exceptions. If probation is violated and the probation revoked,
the court shall adjudge the probationer . . . guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation . . . .[6]
Section 960.20, Florida Statutes, authorizes the imposition of additional costs for conviction of a felony, misdemeanor, delinquent act, or criminal traffic offense. Thus, if the offense for which probation has been revoked constitutes a felony, misdemeanor, delinquent act, or criminal traffic offense and the probationer is adjudicated guilty of this offense or pleads no contest to the charges, the additional costs may be imposed.
However, if the offense for that probation is revoked results only in the imposition of a sentence that was withheld when the defendant was placed on probation, section 960.20, Florida Statutes, does not authorize the imposition of such additional costs since the statute imposes costs for a conviction of a criminal offense or delinquent act. Terms of probation may include such things as payment of a fine, completion of a substance abuse course or treatment, performance of public service, or participation in an appropriate self-help group.[7] While failure to comply with these terms may constitute a violation for which probation may be revoked, it does not constitute a criminal offense or delinquent act for which additional costs may be imposed.
Accordingly, if the offense for which probation has been revoked constitutes a felony, misdemeanor, delinquent act, or criminal traffic offense and the probationer is adjudicated guilty of this offense or pleads no contest to the charges, the additional costs may again be imposed. However, if the offense for which probation is revoked results only in the imposition of a sentence that was withheld when the defendant was placed on probation, section 960.20, Florida Statutes, does not authorize the imposition of such additional costs.
Question Four
Section 960.20(2), Florida Statutes, provides:
These [additional] costs are considered assessed unless specifically waived by the court. If the court does not order these costs, it shall state on the record, in detail, the reasons therefor.
This provision was added to section 960.20 in 1994.[8]
The statute is phrased in mandatory terms and requires the court to specifically waive such costs. In doing so, the court must state on the record in detail the reasons for waiving such assessment. If the costs are not specifically waived by the court, the statute provides that the costs will be deemed to be assessed.
Florida case law establishes the principle that a written judgment must conform to the court's oral pronouncements of sentence.[9]
Thus, a court waiving the assessment must specifically announce such waiver, detailing the reasons for such waiver, and any written order must conform to the oral pronouncement.
Accordingly, I am of the opinion that section 960.20, Florida Statutes, requires that the court must state on the record in detail the reasons for waiving the assessment of additional costs. In the absence of such a written waiver, the costs contemplated under section 960.20(2) are deemed assessed.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] 651 So.2d 1258 (Fla. 1st DCA 1995).
[2] Accord, Rocker v. State, 640 So.2d 163 (Fla. 5th DCA 1994); Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994).
[3] See, s. 13, Ch. 92-107, Laws of Florida, effective July 1, 1992.
[4] 657 So.2d 1272 (Fla. 1st DCA 1995).
[5] Accord, Majors v. State, 658 So.2d 1234 (Fla. 1st DCA 1995); Moffett v. State, 655 So.2d 1304 (Fla. 1st DCA 1995) (where defendant's crime occurred before July 1, 1992, additional costs imposed at sentencing could only be $20, not $50); Chapman v. State, 651 So.2d 223 (Fla. 4th DCA 1995).
[6] Section 948.06(1), Fla. Stat. (1995).
[7] See, s. 948.034(1)(a), Fla. Stat. (1995).
[8] See, s. 14, Ch. 94-342, Laws of Florida, effective July 1, 1994.
[9] See, e.g., Verble v. State, 636 So.2d 890 (Fla. 1st DCA 1994); Reynard v. State, 622 So.2d 1026 (Fla. 1st DCA 1993); Joseph v. State, 616 So.2d 1063, 1064 (Fla. 1st DCA 1993) (oral sentence with no reference to fine or court costs controlled over written sentence imposing such costs).