HARRIS, Judge.
Patrick O. Watson raises several issues in this appeal. Two deserve discussion.
First, Watson claims that the court erred in permitting the State to challenge a prospective juror who was allegedly African-American. The first problem with this argument is that the record does not establish *1265 that the prospective juror was, in fact, African-American. The most that the record shows in this regard is that the prosecutor, after the defense asked for a race neutral reason for the challenge, stated that she was “not sure that Ms. Gary was black.” As the court stated in Holiday v. State, 665 So.2d 1089, 1090-1091 (Fla. 3d DCA 1995), rev. granted, 675 So.2d 121 (Fla.1996):
It is worth noting that although certain facts may be apparent to the court and counsel below, it is important that these facts be placed on the record so as to allow for meaningful appellate review.
It may well be that because of her complexion and her features, Ms. Gary’s “distinct racial group [or] cognizable class” was difficult to determine. But it is clear that the defense attorney assumed that she was African-American or he would not have asked for a race neutral reason; and it is clear that the court joined in that assumption or it would not have conducted the Neil inquiry. Further, although expressing some doubt, the State participated without objection in that inquiry and is now estopped to raise this issue on appeal.
Even assuming that Ms. Gary is African-American, still this claim must fail. The State asserted as its race neutral reason that the juror, apparently while discussing the criminal history of relatives, stated that her son had “become psychotic and he hit an individual.” When asked what her son had been accused of, she replied, “[h]e hit a man.” Since the man had died from the blow, it was the State’s position that the juror’s reluctance to acknowledge that her son’s action had caused the death of another indicated that she might minimize criminal conduct. The trial court found that this indeed was a race neutral reason and the record supports the court’s ruling.
The second issue that deserves discussion is whether the court committed reversible error by sentencing Watson as an habitual felony offender without making oral or written findings. Although section 775.084(3)(b)3, Florida Statutes (1995), provides that “[e]aeh of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence,” there is no specific requirement that the court orally dictate such findings into the record or reduce them to writing. However, in DaCosta v. State, 647 So.2d 818, 819 (Fla.1994), in response to a certified question as to whether the harmless error rule could apply in this situation, the supreme court stated:
We recently answered this certified question in the affirmative in Herrington v. State, 643 So.2d 1078 (Fla.1994). We held that because ascertaining whether a criminal defendant has prior felony convictions is a ministerial determination, it is harmless error when a trial court fails to make findings of fact ... where the evidence of the prior convictions is unrebutted.
Such is the case here. Although Watson professed his innocence of certain of the crimes and confused some of his previous robberies with others, the bottom line is that he did not rebut the fact that the previous felony convictions relied on by the State in fact existed. Further, the record belies Watson’s claim that he was sentenced to all his priors at the same time.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.