682 So.2d 631 (1996)
James Lamont WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2702.
District Court of Appeal of Florida, Third District.
October 30, 1996.
*632 Bennett H. Brummer, Public Defender and Kenneth P. Speiller, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Keith S. Kromash, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
The defendant, James Lamont Williams, appeals from his conviction and sentence for armed robbery. We affirm, in part, reverse, in part, and remand with directions.
The defendant argues that during closing argument the prosecutor commented on his right to remain silent, and that as a result, he is entitled to a new trial. The record, however, reflects that the defense counsel's objection did not raise this specific argument. Since "comments on silence are no longer considered to be fundamental error," State v. Marshall, 476 So.2d 150, 153 (Fla.1985)(citing Clark v. State, 363 So.2d 331 (Fla.1978), receded from in part on other grounds, State v. DiGuilio, 491 So.2d 1129 (Fla.1986)); see also Wyatt v. State, 578 So.2d 811 (Fla. 3d DCA), review denied, 587 So.2d 1331 (Fla.1991), this argument may not be considered on appeal since it was not presented to the trial court, Waterhouse v. State, 596 So.2d 1008, 1017 (Fla.), cert. denied, 506 U.S. 957, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992); Steinhorst v. State, 412 So.2d 332 (Fla.1982), and, even if properly preserved for appellate review, the prosecutor's comment was harmless beyond a reasonable doubt. See Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996); Marshall, 476 So.2d at 154. The defendant's conviction for armed robbery is affirmed.
However, as the State properly concedes, because the written sentencing order does not "conform to the trial court's oral pronouncement of sentence in open court," Whitehead v. State, 654 So.2d 653 (Fla. 3d DCA 1995)(quoting Nodal v. State, 650 So.2d 696 (Fla. 3d DCA 1995)), the sentencing order is reversed and this case remanded for entry of a sentencing order that conforms to the trial court's oral pronouncement.
Affirmed, in part; reversed in part, and remanded with directions.