STEVENSON, J.
This is an appeal from an order dismissing with prejudice Dr. Roosevelt Jackson’s eight-count “Supplemental Third Amended” complaint naming as defendants North Broward Hospital District and nine colleagues. The complaint essentially stemmed from the suspension of Jackson’s hospital privileges in 1988 and 1992 and the termination of those privileges in 1995. We affirm the order of dismissal in all respects except for the dismissal with prejudice of count II to the extent that it attempts to state a cause of action for violation of the equal protection clause under section 1983 and count IV which attempts to state a claim for defamation. While the trial judge has been commendably patient with Jackson’s pro se attempt to state a cause of action and even tried to assist Jackson by bringing certain relevant case law to Jackson’s attention, we believe that Jackson should be given one more opportunity to state a proper claim as to the aforementioned counts.
As to the defamation count, not only does Jackson’s complaint fail to specifically identify the persons to whom the allegedly defamatory comments were made, the complaint also fails to link a particular remark to a particular defendant. See, e.g., Valencia v. Citibank Int’l, 728 So.2d 330 (Fla. 3d DCA 1999); Buckner v. Lower Fla. Keys Hosp. Dist. 403 So.2d 1025 (Fla. 3d DCA 1981), review denied, 412 So.2d 463 (Fla.1982). The most glaring deficiency in the equal protection count is the absence of any allegations of state action and purposeful discrimination on the basis of race. See Schreiner v. McKenzie Tank Lines, Inc., 432 So.2d 567, 568 (Fla.1983)(recognizing that, the equal protection clause “protects against discrimination by ‘states,’ and ‘erects no shield against merely private conduct, however discriminatory or wrongful’ ’’Xquoting Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)); see also Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)(“Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.”); McKinley v. State, 650 So.2d 1052, 1054 (Fla. 2d DCA 1995)(reeognizing that violation of equal protection clause requires purposeful discrimination).
Accordingly, the judgment on review is affirmed in part, reversed in part and remanded.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.